CHARLES D. STEVENS, Defendant in Error, v. NEWTON CRANE, Plaintiff in Error.

St. Louis Court of Appeals, November 5, 1889.

1. **Master and Servant.** Mere annoyance to the master, owing to the servant's conduct, is no ground for the discharge of the servant.

2. ———: DAMAGES FOR WRONGFUL DISCHARGE. When a servant is wrongfully discharged by his master, he is bound only to seek employment similar to that contracted for with such master, and his damages will not be lessened for the failure to accept other service, unless such other service was for such similar employment. But wages actually earned by the servant during the unexpired part of the contract term, though not for similar employment, may be shown in mitigation of damages for the wrongful discharge.

3. ———. The servant being employed to perform such duties as might be required of him for the management of an estate, all his time could be required, if necessary for the performance of his duties; and in such case the jury should not be directed to allow in mitigation of damages for wrongful discharge only the wages earned within such time as would have been required for the performance of said duties.

4. **Instructions.** An instruction which leaves it to the jury to say what constitutes good and sufficient cause of discharge is defective.

*Writ of Error to the St. Louis City Circuit Court.—* HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Everett W. Pattison*, for the plaintiff in error.

A correct interpretation of the contract precludes any recovery by the plaintiff below. Story, Cont., 33; Wharton, Cont., sec. 593; *Neenan v. Donohue*, 50 Mo. 493; *Dinsmore v. Livingston Co.*, 60 Mo. 241; *Hempler v. Schneider*, 17 Mo. 258; *Milner v. Field*, 5 Exch. 829; *Grafton v. Railroad*, 8 Exch. 699; *Oakley v. Morton*, 11 N. Y. 25; *Railroad v. Woods*, 14 Gratt. 447, 460; *Mizell v. Burnett*, 4 Jones L. 249, 256; *Bills v. Railroad*, 7 Baxter, 599; *Filley v. Pope*, 115 U. S. 213. The second and sixth instructions refused should have been given. The second is warranted by *Griffin v. Haynes*, 24 La. Ann. 480; *Stevens v. Walker*, 55 Ill. 151; Wood's Mast. and Serv. [2 Ed.] sec. 88; Bishop on Contracts, sec. 1416. The fourth is warranted by Schouler on Dom. Rel. *614; Wood's Mast. and Serv. [2 Ed.] sec. 116; *Dieringer v. Meyer*, 42 Wisc. 311; *Drayton v. Reed*, 5 Daly, 442; *Read v. Dinsmore*, 9 C. & P. 588; *Railey v. Lanahan*, 34 La. Ann. 426. In the first instruction given, the jury was told that plaintiff must account for money earned after his discharge, "and during the time he would have been engaged in work under said certificate if he had not been discharged." This last clause added an element that was not warranted by the evidence, was confusing, and was erroneous. The instruction asked by plaintiff in error on this point should have been given. *McLellan v. School Board*, 15 Mo. App. 362, 366; *Polk v. Daly*, 14 Abb. Pr. [N. S.] 156.

*William B. Thompson*, for the defendant in error.

The petition states a good cause of action on a breach of a written contract set forth in the petition which was performed according to its terms by the plaintiff, and the condition of its approval by the circuit

Stevens v. Crane.

court as provided was waived at the time of its execution, and it was performed with such waiver from its date to the date of the breach without any objection on the part of the defendant. *Dobbins v. Edwards*, 18 Mo. App. 307; *Rice v. Railroad*, 63 Mo. 321; *Melton v. Smith*, 65 Mo. 315; *Pond v. Wyman*, 15 Mo. 116; *Steinberg v. Gebhardt*, 41 Mo. 519; *Nearns v. Horbert*, 25 Mo. 352; *Stump v. Mueller*, 17 Mo. App. 290; *Little v. Mercer*, 9 Mo. App. 218; Benjamin on Sales [4 Ed.] 566; *Baker v. Railroad*, 19 Mo. App. 321. The uncontradicted facts in the case disclosed that the contract was performed with the waiver for three years, until March, 1883, when plaintiff was discharged, and such acts of both parties constituted a full and complete confirmation and ratification of the contract. Bigelow on Fraud, 184; *Dinsmore v. Livingston Co.*, 60 Mo. 241; *Estel v. Railroad*, 56 Mo. 282; *Dobbing v. Edmonds*, 18 Mo. App. 307. A contract for personal services is broken on a discharge of the party employed, and he can recover on the contract whatever damages he has sustained from the date of the discharge to the date of bringing suit, less what he has earned or could earn during this period. *Pond v. Wyman*, 15 Mo. 175 and 183; 19 Cent. L. J. 342; Wood on Master and Servant, 238, 237, and notes; *Koenigkraemer v. Glass Co.*, 24 Mo. App. 127.

ROMBAUER, P. J., delivered the opinion of the court.

The defendant was, in June, 1880, appointed by the circuit court, city of St. Louis, sole trustee under the will of Patrick M. Dillon, and gave bond conditioned faithfully to execute the trusts imposed upon him by reason of said appointment, as required by law, by order or decree of any court having jurisdiction, or by the last will and testament of Dillon. The estate vested in the trustee by the will and appointment consisted of numerous parcels of real estate in the city of St. Louis,

and it was the trustee's duty to manage this property, collect rents, and invest the net proceeds in trust for certain devisees named in the will.

Shortly after the appointment was thus made, the defendant entered into a written contract with the plaintiff, of the following tenor:

"St. Louis, Mo., June, 1880.

"It is hereby agreed between Newton Crane, Esq., and Charles D. Stevens that the latter is hereby appointed agent of the former by and with the permission of the circuit court of the city of St. Louis, and at all times subject to the approval, orders and decrees of said court; to attend to such duties and perform such services pertaining to the care and management of the estate of Patrick M. Dillon, deceased, as shall be directed by said Crane, as trustee of said estate during the time said Crane shall continue to be such trustee, and as long as said Stevens shall well and faithfully perform such duties as may be required of him, the said trustee; in payment for which services rendered said Stevens is to receive one-half the compensation of said trustee.

"(Signed.) NEWTON CRANE,
"CHARLES D. STEVENS."

From the date of this contract until March, 1883, the plaintiff continued to perform such services in connection with the care and management of the estate as were required of him by the defendant. At the last-named date, the plaintiff was discharged by the defendant, and thereupon, in January, 1885, he instituted this suit for the recovery of damages caused to him by the discharge, which he claimed to be wrongful, and a breach of the contract of employment, and recovered a judgment for seventeen hundred and thirteen dollars and eighty-one cents.

The substantial errors, complained of by the defendant who prosecutes this writ, are that the court erred in

hearing any evidence in support of a petition which states no cause of action, and that the action of the court in giving and refusing instructions was erroneous.

In support of the first complaint, the defendant contends that, as the action is one for breach of an express written contract dependent for its validity upon its approval by the circuit court, it was incumbent upon the plaintiff to plead and prove such approval; that, as the plaintiff failed to plead it, the court should have sustained defendant's objection to all evidence at the beginning, and, as the plaintiff failed to prove it, the court should have sustained a demurrer to the evidence at the close of plaintiff's case. In this view we cannot concur. As we read the contract it either asserts the permission of the circuit court as something already had, or else makes the continuance of the contract dependent on a tacit permission and approval as a condition subsequent. That the parties themselves put the latter interpretation on the contract is self-evident, as they regarded an express approval or permission by the circuit court unessential to its validity, and went on acting under it for a period of almost two years, without seeking such approval. That in point of law the express approval of the circuit court was wholly unnecessary to give validity to the contract, is a proposition too plain for argument. We see no error in the court's refusal to sustain the defendant's oral demurrer to the petition or his demurrer to the evidence, and must rule this point against the defendant.

The plaintiff and the defendant were the only witnesses in the case, each testifying on his own behalf. The plaintiff's evidence tended to show that he performed all duties required of him by the defendant, and that the sole ground assigned by the defendant for terminating the contract, and in fact the sole ground existing, was a desire on defendant's part to attend to the work exclusively, and save the expense of dividing

the commissions. The defendant testified that he terminated the employment of the plaintiff because the plaintiff's services were of no benefit to the estate, because the plaintiff was absent from the city for months at a time, and because the beneficiaries of the estate objected to plaintiff's acting as agent. The defendant's testimony on the last point was weakened by the conceded fact, that, upon his own resignation as trustee, the beneficiaries joined in a written request to the court to appoint the plaintiff as one of the trustees to succeed him. It will be thus seen that this is not one of those cases where the facts bearing upon the character of .the discharge stand conceded, and its rightfulness or wrongfulness is a mere question of law, but one where it depended upon disputed facts, and the question had to be submitted upon hypothetical statements to the jury.

On this branch of the case the defendant asked the following instruction which the court refused.

"To justify defendant in discharging plaintiff it is not necessary that plaintiff should have been guilty of any positive misconduct, or that there should have been on plaintiff's part an utter and entire want of ability or disposition to perform the duties required of him. If there was on plaintiff's part such want of attention to his duties, or such slack and inefficient service as to cause defendant annoyance, or such as to add to his labors rather than to diminish them, or if there was such conduct on plaintiff's part as to prevent the arrangement between the parties from being carried out to the satisfaction of defendant, or if plaintiff's relation to the other beneficiaries of the estate was such that his acting as agent had ceased to be for the benefit of the estate, or had become disadvantageous to the estate, then in any of these events defendant had the right to discharge plaintiff."

We see no error in this action of the court. The leading causes, justifying the discharge of a servant by

the master, are wilful disobedience of a lawful order, gross moral misconduct, habitual negligence in business, or other serious detriment to the master's interests. Schouler's Dom. Rel. 612. A right of discharge may exist in particular cases which is outside of this classification, but no right of discharge can be predicated on the annoyance to the master by the servant's conduct, nor have we been referred to any case which constitutes the master the sole judge of the efficiency of the services rendered. As it does not appear that either the defendant or the court were under any obligation to consult the wishes of the beneficiaries in the management of the estate, the objection of the latter to plaintiff's continuance in the service was immaterial.

On the question of damages, the defendant asked the following instruction which the court likewise refused to give.

"If you find from the evidence that there is anything due plaintiff from defendant, then there is another question to be considered by you, that is, whether plaintiff has earned anything from other sources since his discharge by defendant. If you believe from the evidence that since that time plaintiff has earned any sum or sums of money, whatever, of if you believe from the evidence that he might by reasonable effort have been able to earn any money since that time, you will deduct the amount he has so earned or might have earned from the sum which you find to be due plaintiff. If such sum or sums in the aggregate equal or exceed the sum which you find to be due plaintiff, then you will render your verdict in favor of the defendant. And in determining whether plaintiff has, or might by reasonable effort have, earned anything since the date of his discharge, you are at liberty to consider all the testimony in the case, the statements of plaintiff, his manner while on the witness stand, what he has said about it, and what, if anything, he has refused to say."

This instruction was likewise properly refused. In this class of cases the contract price for the unexpired term is *prima facie* the measure of plaintiff's damages. If the defendant seeks to mitigate these damages he can show that the plaintiff has received compensation during that period or part of it from other employment, or that he might by reasonable efforts have obtained compensation in other *similar* employment. His duty to *seek* employment is confined to similar employment, his duty to account for compensation actually received extends to all employment. *Koenigkraemer v. Mo. Glass Co.*, 24 Mo. App. 124; *Miller v. Woolman-Todd Boot & Shoe Co.*, 26 Mo. App. 57. The instruction offered does not keep this distinction in view and was for that reason erroneous.

The action of the court in giving plaintiff's instruction on the same subject was likewise erroneous, and necessitates a reversal of the judgment. That instruction tells the jury to find for the plaintiff, to the extent of the contract price, in case they find he was wrongfully discharged "unless the jury further find from the evidence that, during the period between the time the plaintiff was discharged and the bringing of this action, he earned money during the time he would have been engaged in work for defendant under the terms of said contract, if he had not been discharged, or by the use of reasonable diligence he would have earned money during said period, and during the time he would have been engaged in work under said contract, if he had not been discharged."

This instruction it would seem was drawn to bring the case within the rule stated in *Pond v. Wyman*, 15 Mo. 175, which is the leading case on that subject in this state, but the propositions there laid down are misconceived by counsel who drew the instruction. If the plaintiff's services in the case had been, by the terms of the contract, confined to stated parts of days, weeks or

months, then it would be unreasonable that plaintiff
should account for the value of such of his time which
fell outside of the limits which the defendant controlled
by contract.    Such, however, is not the case here.    The
contract binds the plaintiff to perform such duties as
may be required of him by the trustees, pertaining to
the care and management of the estate of Patrick M.
Dillon, deceased.    There is no limitation whatever as to
time, and the defendant might lawfully have required
all of the plaintiff's time, if he deemed it necessary for
the purpose stated.    To tell the jury, therefore, that the
plaintiff is accountable for what he earned during the
time he would have been engaged in work for the
defendant, under the terms of said contract, remits the
jury to bare conjecture, and a verdict based on conjecture
alone cannot be supported.

That this instruction was highly prejudicial to the
defendant is evident, since there was evidence in the
case tending to show that the plaintiff did earn, by
practicing his profession as a physician, during the
intervening period between his discharge and the insti-
tution of the suit, at the rate of fifteen hundred dollars
per annum.

This instruction was further defective in leaving it
to the jury to say what constitutes good and sufficient
cause of discharge. *Miller v. Woolman-Todd Boot & Shoe
Co.*, *supra*.    The court tried to remedy this defect by
giving an instruction of its own motion as follows:

"If you believe from the evidence that plaintiff
failed or neglected to properly and faithfully discharge
any of the duties required of him by defendant, *and
which defendant had the right to require of plaintiff*
under the contract read in evidence, then defendant had
the right to discharge plaintiff for such neglect or
failure to perform such duty."

But this instruction was likewise erroneous in leav-
ing it to the jury to determine what duties the defendant

*had the right to require of plaintiff* under the contract read in evidence. The words placed in italics rendered the instruction ambiguous and misleading.

Judgment reversed and cause remanded. All the judges concur.