JOHN R. JORDAN, Respondent, v. J. R. WEBBER MOULDING COMPANY, Appellant.

St. Louis Court of Appeals, November 23, 1897.

1. **Contract of Hire: BREACH: WAIVER: INSTRUCTION.** In an action by an employee against his employer for breach of contract in discharging plaintiff before the expiration of the term of his employment where the ground of the discharge was unprovoked insolence and insubordination on the part of plaintiff in the line of his employment, and defendant after the discharge expressed its willingness to continue the employment if plaintiff would work for a less price than was stipulated in the contract, it was a waiver of the ground of discharge, and the court did not err in refusing a peremptory instruction to find for defendant.

2. **Instruction.** But an instruction for plaintiff submitting to the jury the issue as to the discharge of plaintiff *"without just cause,"* without explaining to them in any instruction the meaning of these terms, was reversible error.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

REVERSED AND REMANDED.

*H. S. Caulfield* for appellant.

Insolence and disrespect shown to an employer or his managing officer, agent or superintendent by an employee or agent, is a sufficient cause for discharge. *Forsythe v. McKinney*, 56 Hun. (N. Y.) 1; s. c., 8 N. Y. Supp. 561; *Railey v. Lanahan*, 34 La. Ann. 428; *Leatherberry v. Odell*, 7 Fed. Rep. 641; *Champion v. Hartshorne*, 9 Conn. 570; *Beach v. Mullen*, 34 N. J. L.

344; Wood's Master and Servant, sec. 118; *Suttie v. Aloe*, 39 Mo. App. 42.

Plaintiff's own letters admitted in the record constituted just ground for discharge, and the court should have given defendant's instruction number 1. *Edgecomb v. Buckhout*, 83 Hun. (N. Y.) 172; *Dunkel v. Simons*, 7 N. Y. Supp. 655; *Carson v. Machine Co.*, 36 Mo. App. 462; Wood's Master and Servant, sec. 119.

The instruction given by the court at plaintiff's request was erroneous in that it left to the jury to say what constituted just cause for discharge. *Dunkel v. Simons*, *Edgecomb v. Buckhout*, and Wood's Master and Servant, *supra; Stevens v. Crane*, 37 Mo. App. 487; *Miller v. Boot and Shoe Co.*, 26 *Id*. 57.

*Frank M. Estes* for respondent.

Plaintiff's letter of July 19, 1895, was not couched in such terms as would justify his discharge by his employer. *Stevens v. Crane*, 37 Mo. App. 492; Schoul. Dom. Rel. 612.

"The right of discharge can not be predicated on annoyance to the master of servants' conduct." *Stevens v. Crane*, *supra*.

The case was tried on the same theory by both parties, and instructions given in behalf of defendant submitted the issues on the same theory as did plaintiff's instructions. *Hazel v. Bank*, 95 Mo. 60; *Riley v. R'y*, 94 *Id*. 600.

### APPELLANT'S REPLY.

An adequate cause for the dismissal of the employee, existing and known to the employer at the time of such dismissal, excuses and justifies the dis-

charge, though it may not have been specially assigned at the time. 14 Am. and Eng. Ency. Law, 792; *Straus v. Meertief*, 64 Ala. 299; Schoul. Dom. Rel. [5 Ed.], sec. 463, p. 762, note 1; Wood's Master and Servant, sec. 121.

Whether delay is a waiver by an employer of his right to discharge an employee for a fault committed, is a question for the jury, where there are facts indicating an excuse for delay. 14 Am. and Eng. Ency. Law, 791; *Jones v. Field*, 83 Ala. 445; *Stoddard v. Treadwell*, 29 Cal. 294; Wood's Master and Servant, sec. 121, p. 234.

BOND, J.—The plaintiff and defendant entered into a contract whereby the plaintiff was to receive $1,200 and expenses for his personal services as salesman for one year of mouldings and picture frames, the plaintiff, however, to divide commissions received by him on sales of certain articles for other parties as side lines. The contract was to commence on the first of June, 1895, but was afterward orally modified so as to go in operation on the fifteenth of May, 1895, at which time plaintiff made his first trip to the territory designated in the agreement. While on this trip plaintiff wrote two letters to defendant's president critical of his method of doing business and personally disrespectful, of date respectively June 20 and July 27, 1895. When plaintiff returned to St. Louis after the completion of his trip, about the twenty-sixth of August, 1895, he was paid for his services up to that date and discharged. According to his testimony, being told if he would travel for "less than the contract called for" he would be sent out again, otherwise not. The present action is for breach of contract. Plaintiff had judgment for $300, from which defendant appealed. The first error assigned is the refusal

CONTRACT of hire: breach: waiver: instruction.

of the court to instruct the jury to find for defendant on the theory that the character of the letters from plaintiff justified his dismissal. A due regard to the position of employer and employee forbids the latter in the course of his duties to indulge in unprovoked insolence or disrespect to the former. An examination of the contents and character of the letters from plaintiff to defendant contained in this record shows that they were obnoxious to this rule, and had defendant promptly exercised its privilege of discharging the plaintiff for unprovoked insolence and insubordination in the line of his employment, there could have been no recovery in this action. But there are also facts and circumstances in the record from which a waiver of this ground of discharge might have been inferred by the jury. There is evidence that defendant about a month after the reception of the last letter from plaintiff was willing to continue the employment if plaintiff would work for a less price than was stipulated in the contract. Waiver is ordinarily a question of intention, and the jury were entitled to have all the circumstances evidencing an intent to waive submitted to them, hence the court did not err in refusing the peremptory instruction to find for defendant. The court, however, did err in giving for plaintiff an instruction submitting to the jury the issue as to the

INSTRUCTION.

discharge of the plaintiff *"without just cause."* The meaning of these terms was not explained in any instruction, and the jury were left to determine the question of law raised by them without any guidance from the court. This was reversible error. *Miller v. Boot and Shoe Co.*, 26 Mo. App. *loc. cit.* 62; *Stevens v. Crane*, 37 Mo. App. 487. The result is the judgment is reversed and the cause remanded, to be tried in conformity with this opinion. All concur.