Jordan v. Moulding Co.

JOHN R. JORDAN, Respondent, v. J. R. WEBER MOULDING COMPANY, Appellant.

St. Louis Court of Appeals, December 27, 1898.

Master and Servant: WAIVER OF A RIGHT TO DISCHARGE: JUST CAUSE FOR DISCHARGE. To constitute just cause for the discharge of a servant for disobedience of orders the act of insubordination must be such as to show that the servant could not be relied on to do good work. Generally speaking waiver is a matter of intention and when different inferences may be justly drawn from the acts relied upon to constitute a waiver, it is always a question for the jury.

*Appeal from the St. Louis City Circuit Court.*—HON. SELDEN P. SPENCER, Judge.

AFFIRMED.

FRANK M. ESTES for respondent.

A waiver of a right to discharge a servant may be presumed from circumstances. Prentiss v. Ledyard, 28 Wis. 131; 3 Foster & Fin. 160. Discharge for a certain cause should be reasonably soon after knowledge of the cause in order to avail the employer. Williams v. Jester, 64 Ga. 737; Bast v. Byrne, 51 Wis. 531; Jordan v. Webber, 72 Mo. App. 325; Shaver v. Ingham, 39 Mich. 654.

H. S. CAULFIELD for appellant.

It was reversible error for the court, in its ninth instruction, to direct the jury that "the disobedience (to justify discharge) must be in regard to matters of such importance in the conduct of the business as reasonably requires obedience and fulfillment. Wood's Law of Master and Servant [2 Ed.], chap. 4, sec. 119, p. 229; McCain v. Desnoyers, 64 Mo. App. 71; Pope v. Lathrop, 46 N. E. Rep. 159, 160; Degen v. Railway, 71 N. W. Rep. 459; Ball v. Livonia Salt & Mining

Co., 28 N. Y. Sup. 537. Reversible error was also committed by the court, when in its eighth instruction it submits to the jury the question, whether the defendant discharged the plaintiff "for that reason" referring to plaintiff writing insolent letters without provocation; and the court errs in the same manner, when by its ninth instruction it makes it necessary to a verdict for defendant, that the jury find that defendant "discharged the plaintiff for such disobedience or neglect." Wood's Law of Master and Servant [2 Ed.], chap. 4, sec. 121, p. 232; also see notes to that section; Sterling Emery Wheel Co. v. Magee, 40 Ill. App. 340. The court's instruction number 8 is reversibly erroneous under the law of this case as enunciated in Jordan v. Webber, 72 Mo. App. 525, and in its attempted definition of waiver. Jordan v. Webber, 72 Mo. App. 525; Marcheldon v. O'Hara, 52 Mo. App. 523. The court's action in refusing defendant's instruction number 4, that it was not necessary at the time of discharge for defendant to assign a just cause as the reason for discharge when said cause at that time existed, was reversible error. 14 Am. and Eng. Ency. of Law, sec. 6, p. 792; Straus v. Meertief, 64 Ala. 299; Sterling Emery Wheel Co. v. Magee, 40 Ill. App. 340; Akrush v. Hanan, 15 N. Y. Sup. 219. The court also erred in refusing defendant's instruction number 8, concerning the burden of proof. Cramer v. Mack, 8 Mo. App. 531; Marshall Livery Co. v. McKelvey, 55 Mo. App. 240.

BIGGS, J.—The plaintiff was employed by the defendant for a definite time as a traveling salesman. He claims that prior to the expiration of the time he was wrongfully discharged. He sues for the violation of the contract. This is the second time the cause has been before us (72 Mo. App. 325). The opinion on

the former hearing contains a full statement of the facts. We reversed the judgment for error in one of plaintiff's instructions. The instruction in referring to the plaintiff's discharge used the phrase "without just cause," without explaining its meaning. The cause has been retried, and the judgment was again in favor of the plaintiff, and the defendant has again appealed. It complains of the instructions of the court, and also of the refusal to give instructions asked by it.

There is no question that the plaintiff was discharged; that he proffered to complete his contract, and that he was unable to get employment elsewhere. The controverted questions under the evidence are whether alleged misconduct of the plaintiff justified his discharge, and if so whether the defendant condoned the offenses.

One of the charges is that plaintiff wrote disrespectful letters to the managing officer of the defendant. We decided on the former appeal that the contents of the letters were such as to amount to a breach of the contract by plaintiff, and to justify his dismissal, and that the judgment should be for the defendant, on that ground alone, unless the defendant by its conduct had waived the breach. Another charge is that plaintiff failed to render weekly statements of his expense account, as required by the contract. The plaintiff testified that he sent a statement each week. The evidence of the defendant was to the effect that the statement for one week was missing. Another charge is that the plaintiff failed to go to Dawson, Alabama, to look after the collection of a claim against one of defendant's customers. Another charge is that the plaintiff was ordered by the defendant to go directly from Nashville, Tennessee, to the city of Jackson in that state; that he did not do so, and that he reached Jackson several days

after the time he should have gotten there. The plaintiff testified that under his agreement with the defendant he had a large discretion as to the selection of his route, that in the exercise of that discretion he went from Nashville to a town in southern Kentucky and there sold a bill of goods, and that he went from there to Jackson, arriving at the latter place two days later than if he had gone directly from Nashville. The plaintiff admitted that he received instructions to go to Dawson, but he testified that he construed the letter as leaving him some discretion as to the business, and as Dawson was out of his route, and as the claim of defendant was in the hands of an attorney, whom he supposed would give it proper attention, he concluded not to go. Plaintiff's evidence also tended to prove that the defendant allowed him to remain on the road for over a month after the commission of the alleged offenses, and that at the time of his discharge it offered to retain him provided he would work for smaller wages.

Under the foregoing testimony the circuit court on its own motion gave the following instruction, among others, of which defendant complains.

"If from the evidence you believe that the plaintiff intentionally disobeyed the instructions given by the defendant to the plaintiff regarding his expenses or his route, or concerning other matters connected with the business, or neglected or refused to perform duties imposed upon him, and that such disobedience or such neglect was in regard to matters of such importance in the conduct of the business as reasonably required obedience and fulfillment on the part of the plaintiff, and that the defendant with reasonable promptness discharged the plaintiff for such disobedience or neglect, then his discharge was 'with just cause.'

"It is not, however, a good cause for discharge in this case that business was poor or that the plaintiff did not make as much for the defendant as was expected by defendant, nor is it a just cause for discharge that the plaintiff may have disregarded any instructions or directions of the defendant or neglected to perform duties imposed upon him in regard to any matters of business, if from the evidence you believe that any such neglect or disobedience was unintentional and in regard to matters unimportant, or that such directions or instructions or duties were in regard to matters of mere detail and were not of such a character as would, considering all the circumstances, reasonably require strict obedience."

To constitute just cause for the discharge of a servant for disobedience of orders the act of insubordination must be such as to show that the servant could not be relied on to do good work. But in determining the question, says Mr. Wood in his work on the law of Master and Servant, "reference must always be had to the contract, the nature and character of the business for which the servant was employed, and the command itself. What might be regarded as insubordination in a servant employed in one capacity might not be so regarded of a servant of another; therefore the question is one of fact for the jury." (Wood on Mast. & St., sec. 119.) In the case of Shaver v. Ingham, 58 Mich. loc. cit. 54, the court says: "In such employments as involve a higher order of services, and some degree of discretion and judgment, it would in our opinion be unauthorized and unreasonable to regard skilled mechanics or other employees, as subject to the whim and caprice of their employers or as deprived of all right of action to such a degree as to be liable to lose their places upon every omission to obey orders, involving no serious consequences.

\* \* \* The only possible foundation for dismissal must rest on the idea that the spirit of insubordination was such as to show that plaintiff could not be relied on for substantially thorough service. These authorities show that the contention of defendant's counsel that the courts and juries have no concern with the reasonableness or unreasonableness of the orders of the master, nor of the consequences good or bad resulting from their infraction, is not well founded. The argument against the instruction proceeds along these lines, and it is fully met by the authorities cited. The exception as to the instruction will be overruled.

The defendant also complains of the eighth instruction. The objection to that instruction is that the question of waiver was not submitted as a question of fact, but the jury were told that if they found certain facts to be true, they must find that there was a waiver. Generally speaking, waiver is a matter of intention, and when different inferences may be justly drawn from the acts relied on to constitute a waiver, it is always a question for the jury. But where the alleged acts or conduct of a party are such (if true) as clearly to indicate condonation or waiver, then it is not improper for the court to instruct the jury that if they find the defendant so acted that they should find a waiver. The facts stated in the instruction were supported by the evidence, and, if true, the conclusion is unavoidable that the defendant·intended to condone the offenses. Best v. Byrne, 51 Wis. 531.

The defendant asked and the court refused to give a formal instruction that the *onus* was on the plaintiff to show that he was wrongfully discharged. The instructions of the court in effect so stated, not directly, however, but by plain implication, and it is not probable that the jury did not understand that the burden

of proving that issue was on the plaintiff. Hence the court committed no error in refusing to give the instruction.

The judgment of the circuit court will be affirmed. All the judges concur.