**BURTON et ux. v. SCHOOL DIST. NO. 78.**

No. 26186.　Oct. 27, 1936.

Floyd Yarbrough, for plaintiffs in error.

Fred A. Tillman and John W. Tillman, for defendant in error.

CORN, J. This is an appeal from an action tried before the county court of Osage county, wherein a judgment was rendered for the defendant in error, and plaintiffs in error, by petition in error with case-made attached, duly prosecute this appeal to reverse the judgment. Reference to the parties will be made as in the trial court.

Both plaintiffs filed separate petitions in the county court of Osage county, praying for money judgment against the defendant. The petitions are identical except in

amounts; both allege that plaintiffs taught school for the defendant nine months, 1931-1932, under a written contract of $150 a month for C. A. Burton and $125 a month for Mrs. C. A. Burton; that the defendant failed to pay the full salary under these contracts to the plaintiffs; that there is due to C. A. Burton the sum of $411.65 and to Mrs. C. A. Burton the sum of $342.95; that the contracts were regularly signed and approved by the county superintendent and were in accordance with an estimate submitted and voted by a majority of the voters of the district, and that the county excise board approved a sum large enough to cover these contracts of teachers' salary.

Defendant's answers consisted of general denials and that the excise board failed to allow the full amount of salary as estimated by the school board.

These cases were consolidated at the time of trial. The case was tried to the court without a jury November 3, 1934, and continued to November 8, 1934, resulting in a judgment for the defendant. Thereafter the plaintiffs duly filed their motion for new trial November 10, 1934, which was overruled by the court November 13, 1934, and exceptions and notice of appeal allowed the plaintiffs.

The facts in this case are: That the defendant school district employed Mr. and Mrs. C. A. Burton, plaintiffs, and one Mary L. Thomas to teach its school for a period of nine months during the school term 1931 and 1932 at a monthly salary of $150, $125, and $135, respectively. The school board made an estimate in the sum of $3,690 for teachers' salaries for said term, and the excise board only allowed and approved the sum of $2,565. No legal steps were taken by either the teachers or the members of the school board to compel the excise board to allow and approve the full amount of $3,690.

The evidence in this case clearly shows that the three school teachers taught and received pay without objection until the full sum of $2,565 was paid out and exhausted; that these three teachers received their proportionate and contractual share of this sum, and performed the services required of them by the contract.

The whole argument of plaintiffs stands or falls on one ground—that their contracts were valid and the contract of Mary L. Thomas was an invalid contract. But they lose sight of the fact that Mary L. Thomas did teach the entire term, that these plaintiffs never objected or raised any question concerning it and waited until the 20th day of February, 1934, to bring this suit.

Their contention is that the contract of Mary L. Thomas was made and entered into prior to the 1st day of July, 1931, and is therefore void, and the payment of money to her was improper although she taught at the school for the full term.

The plaintiffs introduced in evidence the journal entry in the case in the district court of Osage county, No. 14780, Mary L. Thomas, Plaintiff, v. School District No. 78, Osage County, Okla., Defendant, in which the court decreed that she was entitled to a judgment for the balance of her salary in the sum of $370.40. This judgment was rendered on the 28th day of May, 1932, and the journal entry of judgment is shown on pages 120-122, case-made. The plaintiffs also introduced in evidence an alleged contract of Mary L. Thomas with the said school board which does not show that the same was ever approved by the county superintendent of public instruction, but which does show that the contract was entered into on the 2nd day of June, 1931. The defendant contends in its brief that a later contract was made and entered into with Mary L. Thomas on July 1, 1931, which was approved by the county superintendent on the 3rd day of October, 1931, which was not introduced in evidence in the case for the reason that its whereabouts was not discovered until after this case had been appealed and was lodged in the Supreme Court.

The matter of whether the contract of Mary L. Thomas was one upon which she was entitled to recover is not properly before us for determination. The plaintiffs having introduced the judgment and decree of the district court, the same having become final and unappealed from, they are thereby estopped from denying the validity of the contract which was the basis of the judgment.

Plaintiffs have apparently overlooked the plain written contract entered into with the school district wherein they agree in writing as follows:

"Provided that neither the school district nor any member of the school district board shall be liable for any amount of difference between the amount of this contract and the amount of the estimate made and approved."

Plaintiffs had knowledge of the fact at least not later than the day school began that Mary L. Thomas was employed by said school district to teach said term, and if they were not willing to abide by the pro-

vision in their contract as above set forth and accept their proportionate share of the amount of the estimate allowed and approved by the excise board for teachers' salaries as full compensation for their services, it was their duty as soon as the amount of the estimate was known to them to take immediate and appropriate action.

A school teacher's contract which provides: "* * * Provided that neither the school district nor any member of the school district board shall be liable for any amount of difference between the amount of this contract and the amount of the estimate made and approved," is valid and binding on said teacher, and where the amount estimated by the school board for salaries for three teachers was reduced by the excise board, and said teachers received their proportionate amount of said estimate which is insufficient to pay the full amounts as provided in the contracts, said teacher or teachers, cannot recover the balance in an action on their contract.

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, WELCH, PHELPS, and GIBSON, JJ., concur. RILEY, J., absent.