## PICKELL et al. v. COMBS.

No. 28059.   Jan. 31, 1939.

Robert R. Rittenhouse, for plaintiff in error.

Frank Nesbitt and L. Keith Smith, for defendant in error.

DAVISON, J.   The defendant in error, as plaintiff, brought this action against J. E. Pickell, John Grubb, and Joe Rhoten, as members of the school board of district No. 48, of Delaware county, to recover the sum of $405 on an alleged breach of a teacher's contract entered into between herself and said school board.

Judgment was rendered in favor of the plaintiff, and defendants have appealed.

It is alleged in plaintiff's petition that said school district No. 48 is an independent school district; that the said board of education entered into a contract with her to teach school in said school district for a period of nine months at a salary of $90 per month for the school year 1936 and 1937; that she taught in said school for a period of five months and one week and that the school board approved an assignment of her claims for salary for four months of the time she had taught; that on January 13, 1937, the plaintiff's services were discontinued over her protest.

It is further alleged in the plaintiff's petition that a good and valid estimate covering a period of eight and one-half months for said nine months' contractual services was made and approved by the excise board of Delaware county and that funds have been or will be derived by said district sufficient to cover said period.

The defendants composing the school board, under a change of personnel, filed their answer specially denying the execution of any legal contract between the school board and the plaintiff, and further denying that a sufficient appropriation was made by the excise board of Delaware county to pay the eight teachers engaged in the said school, and further pleading that one of the teachers had to be discharged as a prerequisite to receiving state aid through the State Board of Education, and that the plaintiff's services were discontinued.

The defendant school board contends that no sufficient appropriation to cover teachers' salaries was approved and made by the excise board and that the contract held by plaintiff was subject to the provisions of House Bill No. 212 (chapter 34, article 5, S. L. 1935).

The record discloses that the estimate of needs and the financial statement of the fiscal year 1936-37 for teachers' salaries, as presented and approved by the excise board of Delaware county for said school district No. 48, showed the total requirement for teachers' salaries to be $7,432.50.

The excise board appropriated the amount received as primary aid in the sum of $1,836, the amount received as federal Indian tuition, in the sum of $805, which sums totaled $2,641. This would leave a balance of $4,791.50, which the estimate of needs shows was to be provided from secondary aid through the State Board of Education. It is admitted that this sum of $4,791.50 would be indispensable to furnish the estimated amount required for teachers' salaries.

The plaintiff admits that the sum of $4,791.50 to be derived from secondary aid could not be and was not appropriated by the excise board for the reason that the excise board had no jurisdiction over that fund and no right to allocate or approve any particular part of same. It is therefore unnecessary for us to pass on this particular question. The law provides that "each district may petition the State Board of Education for secondary aid," and in doing so certain affirmative showings must be made relative to the proportionment of students to teachers employed. It is entirely within the discretion of the State Board of Education, upon the showing made by the school district, as to whether or not any secondary aid will be allowed. The excise board could not anticipate the amount that would be received from secondary aid, based upon the amount received the previous fiscal year from that source. That would be true in calculating income from sources other than ad valorem taxation under the provisions of section 12678, O. S. 1931, for raising funds by taxation where the entire amount from such other sources may be used each year in the general or supplementary appropriation. Monsell v. Excise Bd. of Tulsa County, 142 Okla. 130, 285 P. 836; St. Louis-S. F. Ry. Co. v. Choctaw County Excise Board, 173 Okla. 312, 48 P.2d 312.

In the instant case it is shown that the State Board of Education refused to approve or advance any funds until the number of teachers were reduced from eight to seven. Section 4, article 5, chapter 34, S. L. 1935, provides that in any district where it is found that the number of teachers under the provisions of the law are in excess of the number required for the proper maintenance of the school, the school board shall have authority to reduce the number of teachers to the number actually needed. If it be admitted that the State Board of Education had the right to withhold the funds for secondary aid until the number of teachers be reduced to meet the requirements of the law, we must admit that the funds could have been withheld entirely if the number of teachers had not been reduced. That being true, we are unable to ascertain upon what ground the plaintiff can successfully contend that the $4,791.50 to be derived from secondary aid was within the estimate made and approved by the excise board for the fiscal year 1936-1937. It might be said that the excise board did approve the sum of $4,791.50 to be derived from secondary aid upon the condition that such sum would be received, but it is shown that this sum would not be paid unless the number of teachers were reduced from eight to seven.

Under the facts here stated, we must conclude that there was an insufficient appropriation made and approved by the excise board to pay the salary of the eight teachers who were engaged in teaching in school district No. 48. The school board was without authority to contract with the teachers for an amount in excess of the estimate approved by the excise board for the fiscal year for such purpose. Lacey et al. v. Board of Education, 98 Okla. 237, 224 P. 712; Wilson v. Oklahoma City, 120 Okla. 266, 251 P. 484; sections 5955 and 6814, O. S. 1931; section 26, art. 10, Oklahoma Constitution.

As to whether or not the school board should have dispensed with the services of some teacher other than the plaintiff, we can only say that this was a matter for the school board to decide, and presents no question of error for the consideration of this court.

This court being of the opinion that the trial court committed error in overruling the defendants' demurrer to the plaintiff's evidence and rendering judgment for the plaintiff, the judgment is hereby reversed and the cause remanded, with instructions that the plaintiff's petition be dismissed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON and DANNER, JJ., concur.