RAY v. BOARD OF EDUCATION OF POND CREEK.

No. 30828.   Nov. 14, 1944.

153 P. 2d 233.

O. B. Martin, of Blackwell, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for defendant in error.

RILEY, J. This action was commenced by W. S. Ray to recover from defendant, board of education of Pond Creek, the balance due under a written contract existing between the parties and employing the plaintiff as superintendent and for incidental athletic supervision for the school year 1939-1940.

Breach of the contract by the defendant was virtually admitted. The breach grew out of the compromise of other litigations then pending. The board of education discharged plaintiff on October 20, 1939. The contract of employment fixed plaintiff's salary at $2,400 for the year, but it is recognized that the contract was only valid to the extent of the money actually appropriated for payment of plaintiff's salary. Burton et ux. v. School District No. 78, 178 Okla. 87, 61 P. 2d 1065.

The trial court found, and the finding is amply supported by record, "that the original, supplemental and recommended estimate" for the purpose "totaled the sum of $2,358.34 or $41.66 short of the salary of $2,400 proposed for the fiscal year."

Of the total amount appropriated under the original estimate and budget, $1,600 was to be raised by ad valorem taxes; and $258.34 was added by supplemental appropriation approved May 20, 1940. Since the supplemental appropriation was to pay the salary of the position from which plaintiff was wrongfully discharged, the trial court included that amount in appropriated funds subject to liability of plaintiff's contract. In this we hold that the trial court was correct. Of the amount appropriated with which to pay plaintiff's salary, $500 was anticipated from state aid funds under the provisions of Session Laws 1939, chapter 34, art. XIV. This item by the trial court was disallowed under the view that Pickell v. Combs, 184 Okla. 285, 86 P. 2d 988, restricted and denied anticipation of such income in fixing the budget. It is our view that the trial court erred in failing to consider the $500 item, for the reason that the state funds were actually received, as a result of state apportionment made of the funds. This fund, as received, had theretofore been locally apportioned to liquidate plaintiff's contract.

In the Pickell Case, supra, a condition of apportionment and payment of the state aid fund was a discharge of a surplus number of teachers. At the time of the alleged breach of the teacher's contract therein considered there was, as reflected in the syllabus of that case, an "absence of a sufficient appropriation for the fiscal year for which the contract was made." In the case at bar, the funds constituting this item had been apportioned for the specific purpose and the funds were paid for the purpose by the state. The fact that the funds were subsequently paid out for other salary claims of teachers does not mitigate against the validity of plaintiff's contract.

It is agreed that the defendant board paid to the plaintiff the sum of $733.34 prior to his wrongful discharge. Thus, the utmost of recovery under the breached contract was $1,625. In mitigation of damages, it appears that plaintiff was employed during the remainder of the school year at Yale, Okla., in a similar capacity and received the gross sum of $875. However, the plaintiff proved a reasonable expense in the amount of $100 in moving from Pond Creek to Yale. Likewise, he showed the expense of the employment of a substitute teacher for one week in the amount of $25. It is our view that these are reasonable deductions to be allowed from the total sum, in mitigation of damages, thus leaving the balance to be adjudged in favor of plaintiff in the sum of $875.

Plaintiff seeks to deduct an item of

$25 for the discount of school warrants paid under his subsequent employment. We think the matter of discounting the warrants was discretionary and personal and the item should be disallowed. Sharpless Separator Co. v. Gray, 62 Okla. 73, 161 P. 1074; School District No. 60, etc., v. Crabtree, 146 Okla. 197, 294 P. 171.

The judgment of the trial court, being for plaintiff in the amount of $250, is accordingly reversed, with directions to enter judgment in favor of plaintiff and against defendant in the amount of $875, cost and interest from date of the judgment to be rendered.

CORN, C.J., GIBSON, V.C.J., and BAYLESS, HURST, and ARNOLD, JJ., concur.