ACME GLASS CO. v. OWENS et al.

No. 34040.   May 22, 1951.
Rehearing Denied June 19, 1951.

*232 P. 2d 624.*

John W. McCune and Q. M. Dickason, Tulsa, for plaintiff in error and cross-

petitioner in error Midwest Marble & Tile Company.

John W. Tillman and Fred A. Tillman, Pawhuska, for defendants in error.

CORN, J. On the 27th day of April, 1947, Acme Glass Company, a copartnership composed of R. W. Vanderford and Carl Hoffman, filed an action against Ida Owens to foreclose a materialmen's and mechanic's lien. Plaintiff joined H. H. Hamilton, doing business as Hamilton Construction Company, Benson Lumber Company, a corporation, and Midwest Marble & Tile Company, a corporation, as defendants. The action was later dismissed as to Benson Lumber Company. Plaintiff sought to establish a lien against real property described as lot 15, block 12, Original Townsite of Skiatook, Tulsa county, Oklahoma, which was owned by Ida Owens. It alleged that Ida Owens is the owner of the property and that H. H. Hamilton contracted with Ida Owens to construct a building for her; it was agreed between said contractor and Ida Owens that Ida Owens would take over the construction of said building and pay for all work and materials; plaintiff furnished materials to the value of $749 and claims a lien for said amount with 6 per cent interest from the date of the filing of the petition. Attached to the petition is Exhibit A alleged to be a lien claim but which is in fact a proposal to furnish and install certain plate glass material. This proposal is addressed to the Hamilton Construction Company dated September 3, 1946, and signed by the Acme Glass Company and approved by the Hamilton Construction Company. On May 14, 1947, the Midwest Marble & Tile Company filed a petition in intervention and set up a claim for materials furnished for tiling the floor of said building and sought to establish a claim for $283.75. The case was transferred from the district court to the court of common pleas. Ida Owens entered a general denial of the issues as made in the petition and the intervener's cross-petition and specifically denied that she entered into any separate agreement with said plaintiff or said intervener. Trial was had to a jury and at the conclusion of the testimony Ida Owens demurred to the evidence offered in support of both claims and the demurrer was sustained. Plaintiff and the intervener both have appealed and have filed their separate petitions in error. They claim there has been a prima facie case made to establish their liens.

H. H. Hamilton testified that he made an oral contract in May, 1946, with Ida Owens and began the construction of a building in Skiatook, Oklahoma, approximately two months later. He never finished this building because Jordan, his office manager, became sick in January, 1947, at which time H. H. Hamilton wrote Ida Owens that he would issue orders for the payment of labor and material and that she would be authorized to make payments of such labor and material upon his orders. It developed that Ida Owens and H. H. Hamilton had had difficulties particularly about payment of too much money advanced on the contract which approximated the total sum of $9,000. The evidence is somewhat fragmentary due to the fact that defendant, Ida Owens, was never permitted to testify by reason of the action of the court on the demurrer to the evidence. It is to be gathered, however, that the materialmen and subcontractors knew of the difficulty resulting from the financial relationship between Ida Owens and her contractor, H. H. Hamilton.

It is the theory of both the plaintiff and intervener that after the early part of 1947, and after the difficulty occasioned by the dispute arising between Ida Owens and H. H. Hamilton, they each made independent contracts with Ida Owens for the payment of materials furnished by them.

The Midwest Marble & Tile Company alleges that it made its contract with

H. H. Hamilton on February 11, 1947. The undisputed evidence of H. V. Hine, salesman for said company, is that the tile was installed on the 1st and 2nd days of February, 1947. The allegation and proof is that any agreement made with Ida Owens was after the Midwest Marble & Tile Company entered into the contract with H. H. Hamilton to furnish the tile for the building. Therefore, it could not have made its contract with Ida Owens prior to the date it made its contract with H. H. Hamilton. There is no evidence of any independent contract between Midwest Marble & Tile Company and Ida Owens prior to the date of the installation of the tile flooring. The burden of proof was on the intervener to establish an independent contract with Ida Owens. Intervener failed to meet this burden. The action was not filed within 60 days after the last material furnished and no lien was filed within the said 60 days, as provided by 42 O. S. 1941 §143, and intervener has no lien under the statutory provisions for a lien of a subcontractor. The court did not err in sustaining the demurrer to the evidence as to the Midwest Marble & Tile Company.

A different situation arises as to plaintiff. R. W. Vanderford, one of the partners, testified that early in 1947 he went to Ida Owens' flower shop and there told her that he could not install the glass unless she agreed to pay for the installation; she thereupon agreed to pay for the installation of the glass. Such an agreement prior to the installation of the glass is likewise supported by the testimony of J. H. Driskell, bookkeeper for plaintiff. The action by the plaintiff was filed within four months from the date of the installation of the plate glass. Under 42 O. S. 1941 §142, plaintiff had four months in which to file a lien based upon the alleged contract. An action filed within four months is in compliance with the statutory requirements of filing the lien. Wass v. Vickery, 137 Okla. 52, 278 P. 336.

It is error to sustain a demurrer to the evidence where such evidence reasonably tends to establish a right of action in favor of plaintiff against the defendant. Smith v. Commerce Inv. Co., 175 Okla. 621, 54 P. 2d 328.

The trial court erred in sustaining the demurrer to the evidence as to plaintiff. The cause is reversed, with directions to set aside the order sustaining the demurrer as to plaintiff and to grant a new trial.

LUTTRELL, V. C. J., and WELCH, DAVISON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.