INDEPENDENT SCHOOL DIST. NO. 65, WAGONER COUNTY, et al. v. STAFFORD.

No. 35399.  June 2, 1953.

*257 P. 2d 1092.*

Fred W. Martin, Wagoner, for plaintiff in error.

Miller & Herrin, Sapulpa, and Harry G. Fender, Wagoner, for defendant in error.

CORN, J. Plaintiff brought this action to recover damages for breach of a written contract of employment as a school teacher. The petition alleged her qualifications and execution of a written contract with dependent school district No. 56, July 11, 1950, whereby she was employed to teach a ten months term at $250 per month during 1950-1951 school year. The contract was properly approved by the county superintendent. District No. 56 qualified to receive state aid, and for sufficient funds to provide a full term and pay salaries. However, in July, 1950, the district held an election and voted in favor of annexation to this defendant, although annexation was not approved by the State Board of Education until August 29, 1950. The board of district No. 56 ordered plaintiff to begin teaching July 17, 1950, and she taught until August 11, 1950, when the pupils were transferred to defendant district. Plaintiff reported to a school in district No. 65 but was not allowed to teach, and on September 6, 1950, the board of education of defendant district advised plaintiff her contract was void for reason no money was on hand to pay her when contract was signed and none had been appropriated. Plaintiff also alleged matters showing the board of district No. 56 had approved a budget sufficient to meet all needs, and the inclusion of sufficient funds in the budget of district No. 65 approved by the county excise board, and that all valuation and revenues of district No. 56 had been transferred to defendant by order of the excise board; that the salary account later was supplemented by appropriate order. Plaintiff made demand upon defendant to be allowed to teach, but was refused and her salary claims rejected, although defendant had assumed the obligations of district No. 56, and her contract and salary were current obligations of district No. 65. Plaintiff asked judgment against defendant for unpaid salary ($2,500) interest and costs.

Defendant, successor to district No. 56, answered by general denial and plea that plaintiff failed to state a cause of action. Further, that plaintiff's contract was void because no funds were available to contract against on date same

was made and the excise board had neither made nor approved appropriations, so that the contract was in excess of available funds of such district.

Plaintiff replied by alleging in detail the valuations, taxes, assessments and apportionments, and specifically alleging the contract was made after beginning of the fiscal year when there were funds on hand to meet requirements; that legal and proper estimates had been made and approved by the excise board, including appropriations for teachers' salaries in both districts, so that plaintiff's contract was valid and not in excess of the school district funds, and by reason of breach thereof plaintiff was entitled to judgment. Prior to trial plaintiff amended her petition to show employment elsewhere during period of the contract, and accordingly reduced the claim for damages to $1,912.50. The petition was amended further the day of trial to show compliance with the Intangible Tax Law.

Upon trial to a jury plaintiff introduced evidence supporting the allegations of her petition and rested. Cross-examination of plaintiff disclosed she had filed nothing with the school board other than her contract and salary claims, which were filed June 1, 1951.

Defendant demurred to plaintiff's evidence in the following manner:

"Comes now the defendant and demurs to the evidence on behalf of the plaintiff for the reason that the same is wholly insufficient to constitute a cause of action in favor of the plaintiff and against the defendant, and for the further reason the evidence wholly fails to show that the teacher filed a teacher's oath as required by the statute and for the further reason the evidence affirmatively shows that the plaintiff did not file what is designated as loyalty oath and, under both statutes, both the loyalty oath statute and the teacher's oath statute it would be illegal to pay her any money, and a misdemeanor to pay her."

This demurrer was overruled and defendant elected to stand thereon.

Plaintiff's motion for directed verdict was overruled and the case was submitted to the jury under written instructions, No. 9 of which was:

"If you find and believe from the evidence that the plaintiff is entitled to recover, then in that event, you will fix the amount of her recovery in any amount not to exceed the sum of $1912.50, and interest thereon since June 1, 1951."

During the jury's deliberations plaintiff took both the loyalty oath and teacher's oath in the court's presence. The jury returned a verdict for plaintiff in amount of $1,912.50, and when judgment had been pronounced plaintiff attempted to file the loyalty oath in compliance with statute, but defendant's objections were sustained, although the trial court overruled defendant's motion to strike all matters pertaining to filing of the oath from the record. The court then found plaintiff had asked interest upon her claim but the jury had failed to allow this item, although plaintiff was entitled thereto, and accordingly entered judgment for interest at 6 per cent from June 1, 1951, to date of judgment, as well as the principal amount.

Defendant presents two contentions on appeal, the first of which is as follows:

"Failure of the plaintiff to conform with the requirements of the Loyalty Oath, (enrolled House Bill No. 8, 23rd. Legislature, (Laws 1951; 51 O.S. 1941 (Supp.) 37.1-37.8) is fatal to her cause of action."

The argument is that since plaintiff was a teacher, suing to recover her salary, but without showing compliance with the loyalty oath statute, supra, the case falls within the rule announced in Board of Regents, etc., v. Updegraff, 205 Okla. 301, 237 P. 2d 131. However, since the matter herein considered became at issue in this court, the Updegraff case, supra, has been reversed by the Supreme Court of the United States. See Wieman v. Updegraff, 344 U.S. 183, 73 S. Ct. 215, 97 L. Ed. ____.

We deem it unnecessary to consider either the reasons urged for applicability of the loyalty oath statute, or the extensive arguments offered concerning the nonapplicability thereof.

Plaintiff's cause of action was based upon defendant's breach of a written contract, executed July 8, 1950, approved by the county superintendent, and allegedly breached on September 6, 1950. The loyalty oath statute (51 O. S. 1941 Supp. §§ 37.1-37.8) did not become effective until April 9, 1951. It has never been considered, nor urged in any instance, that the "Loyalty Oath" statute was contemplated or intended to operate other than prospectively. Thus it is obvious that the requirements of the statute were not applicable to plaintiff upon the date she executed her contract, nor were they applicable on the date of the alleged breach thereof.

Plaintiff's petition simply declared upon a cause of action arising out of defendant's breach of contract. Our statute (12 O.S. 1951 §4) gave plaintiff a right of action to protect her contractual rights, by seeking redress for defendant's wrongful breach thereof. Stone v. Case, 34 Okla. 5, 124 P. 960, 43 L.R.A. (N.S.) 1168. When defendant breached plaintiff's contract her cause of action arose. In such cases the rule is that the employee has a cause of action for wages past due, and the right to claim damages for the injury sustained by virtue of the wrongful breach thereof. And, in such instances, the proper measure of damages is the amount stipulated by contract to be paid for services, such amount to be mitigated to the extent of any sum obtained from employment of a like nature. Sharpless Separator Co. v. Gray, 62 Okla. 73, 161 P. 1074; Farmers' Co-Op. Ass'n v. Shaw, 171 Okla. 358, 42 P. 2d 887; Ray v. Board of Education of Pond Creek, 194 Okla. 472, 153 P. 2d 233. Plaintiff pleaded that she had mitigated her damages and made no claim for the amount received from her other employment.

Briefly, then, this situation may be summed up in the following manner: Plaintiff introduced evidence supporting the allegations of her petition. At the close of this evidence defendant demurred thereto on the grounds such evidence failed to establish a cause of action in plaintiff's favor. The effect of defendant's demurrer was to admit every fact which plaintiff's evidence tended in the slightest degree to prove, together with all logical and reasonable inferences to be drawn therefrom. Carpenter v. Snipes, 203 Okla. 534, 223 P. 2d 761. Upon this basis it was established that plaintiff had entered into a valid and approved contract, that there were funds available to contract against at the time same was approved, and that this contract was breached by defendant without justification, thus entitling plaintiff to a judgment for damages in the amount of the contract for such breach. Under these circumstances, the rule is that a demurrer to the evidence should be overruled, the evidence and inferences deducible therefrom being sufficient to support the verdict. Or, stated otherwise, it is error to sustain a demurrer to the evidence where the evidence reasonably tends to establish a right of action in plaintiff's favor and against defendant. Acme Glass Co. v. Owens, 204 Okla. 601, 232 P. 2d 624.

Neither do we consider as persuasive defendant's argument suggesting defendant would not have stood upon the demurrer, had there been reason for anticipating the eventuality that the loyalty oath statute might be declared unconstitutional, and asking that defendant now be granted a new trial in order to proceed with its defense. Means are provided by our statute whereby defendant could have preserved such question and presented the defense properly raised by the pleadings. Having misconceived its defense by relying upon the applicability of a statute which, upon its face, did not apply to the situation presented by plaintiff, cannot now serve to provide the basis for granting of a new trial to defendant.

Defendant's second contention is that the trial court erred in entering judgment in plaintiff's favor for interest, after the jury failed to allow plaintiff interest. To sustain its position defendant relies upon the rule announced in Blackwell, Enid & Southwestern Railway Co. v. Bebout, 19 Okla. 63, 91 P. 877, syllabus 5 of which states:

"The judgment of the court must follow the verdict, and where the verdict is general and for a sum in gross and the question of interest was not reserved by the court, and there is nothing in the record to indicate that the jury omitted interest, it will be presumed that it is embraced in the amount of their finding, and the court cannot add interest to the amount found by the verdict of the jury."

Without attempting to discuss and distinguish the cases relied upon by defendant, we are of the opinion that the trial court properly added the interest to the jury verdict. 23 O.S. 1951 §6 provides as follows:

"Any person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt."

We have construed this section of the statute numerous times, and consistently have held that interest is recoverable where the right to recover vests at a particular time, and the amount sued for is capable of being made certain. And such has been our holding even where the petition did not ask for allowance of interest, but the amount sued for was capable of being ascertained. Blackwell Oil & Gas Co. v. Mid-Continent Petroleum Corp., 182 Okla. 588, 79 P. 2d 227. We also hold that an alimony award is a money judgment upon which interest may be allowed without any specific provision therefor. Harden v. Harden, Ex'r, 191 Okla. 698, 130 P. 2d 311. Our decisions are expressive of the general rule announced in 15 Am. Jur., Damages, §57, and 25 C.J.S., Damages, §52. The nature of plaintiff's cause of action, and the certainty with which the extent of her damages were capable of calulation, justified the trial court in adding interest upon the recovery allowed her by the jury.

Judgment affirmed.

JOHNSON, V.C.J., and DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.