**Douglas STARR, by his father and next friend, Leroy T. Starr, Plaintiff in Error,**

v.

**D. H. WELCH, Defendant in Error.**

**No. 37923.**

Supreme Court of Oklahoma.

March 18, 1958.

**350**

Joe Francis, Tulsa, for plaintiff in error.

Hickman & Hickman, Tulsa, for defendant in error.

CARLILE, Justice.

Douglas Starr, by his father and next friend, Leroy T. Starr, filed an action against D. H. Welch alleging that plaintiff purchased an automobile from D. H. Welch on February 1, 1956; that he paid $450 and traded in another automobile; that defendant, for himself and by agent, orally warranted that the automobile, which was a 1951 model, had therein a new and unused 1952 or 1953 Mercury motor; that said warranty was false and untrue and plaintiff was damaged by reason thereof to the extent of $425.

The petition alleged two counts or causes of action, the second alleging fraud and based on the same allegation of fact. The defendant filed a motion to dismiss on the ground that the plaintiff was not the real party in interest, and demurred on the ground the petition did not state a cause of action. The defendant then filed an answer and the cause went to trial.

At the termination of the testimony offered by plaintiff defendant demurred to the evidence. Thereupon the court entered an order in part as follows:

"The trial of this cause coming on to be heard before me, the undersigned Judge of the Court of Common Pleas on the 29th day of May, 1957, on the regular jury docket, plaintiff, Douglas Starr, being present in person and through his attorneys, Hickman & Hickman, a jury was duly empanelled and sworn and the plaintiff introduced his evidence. At the close of plaintiff's evidence, the Court sustained defend-

ant's demurrer to the evidence and motion to dismiss, on the ground that plaintiff was not the real party in interest. The Court finds that Leroy T. Starr, father of plaintiff, purchased this automobile and he is the real party in interest.

"*    *    *    *    *    *

"It Is Therefore Ordered, Adjudged And Decreed that on the trial of this cause the demurrer to the evidence and the motion to dismiss filed by defendant, should be sustained on the ground that plaintiff is not the real party in interest. Plaintiff allowed an exception. It is further ordered that the motion for new trial, filed by plaintiff, heard by the Court on June 3, 1957, should be overruled, and an exception allowed to plaintiff."

We shall continue to refer to the parties by their trial court designation.

Plaintiff testified that on February 1, 1956, he purchased a 1951 Ford automobile from defendant and both the salesman and defendant told him it had a new 1952 Mercury motor; that the motor was not as represented, but was an old Ford motor that did not operate; that it cost $425 to get another motor installed. Plaintiff introduced the testimony of a mechanic who testified that the motor in the automobile was an old 1949 or 1953 Ford motor and that it was cracked. Plaintiff stated that he was twenty years old at the date of the purchase. At the time of the trial he was twenty-one.

It is first argued that the court erred in sustaining the demurrer and dismissing the action for the reason plaintiff was not the real party in interest. Defendant attempts to justify the action of the court in this respect by pointing to the testimony that the original certificate of title was issued to the father. Plaintiff stated repeatedly that the automobile was his, bought and paid for with his own money, and that he bought and carried the insurance on it in his name and that any deal made by defendant with his father was as a mere guarantor.

■ The certificate of title to an automobile is not necessarily controlling in determining the ownership thereof, and a valid passing of title (ownership) may be accomplished without the delivery or assignment of the certificate of title. Parrott v. Gulick, 145 Okl. 129, 292 P. 48; King-Godfrey, Inc. v. Rogers, 157 Okl. 216, 11 P. 2d 935; McNeil v. Larson, 171 Okl. 608, 43 P.2d 397; Owen v. Miller, 190 Okl. 205, 122 P.2d 140; Adkisson v. Waitman, 202 Okl. 309, 213 P.2d 465, and Williams v. Williams, Okl., 274 P.2d 359.

Plaintiff stated the check given for the purchase showed the automobile to be his and that he was given a purchase slip made out in his name. There is other evidence from which the jury could find that plaintiff purchased the automobile from defendant.

■ Defendant argues the trial court was correct in sustaining the demurrer to the evidence for the reason plaintiff wholly failed to prove any damages. Conceding, for the purpose of discussing this question that it is raised, in spite of the fact that the trial court specifically stated that he was sustaining the demurrer and dismissing the case because plaintiff was not the real party in interest, we cannot agree with the contention of defendant. Plaintiff alleged damages to the extent of $425. He testified that defendant and his agent both informed him, and warranted orally, that the automobile contained a new motor; that it was not a new motor but was cracked and needed a valve job. This presented an issue of fact for the jury. In Acme Glass Co. v. Owens, 204 Okl. 601, 232 P.2d 624, we held that it was error to sustain a demurrer to the evidence where the evidence reasonably tended to establish a right of action in favor of plaintiff against the defendant. See also Independent School Dist. No. 65 Wagoner County, v. Stafford, 208 Okl. 542, 257 P.2d 1092; Myers v. Myers, Okl., 274 P.2d 1009.

■ Because of the error in sustaining the demurrer and dismissing the case the cause is reversed and remanded with direc-

tions to vacate the order of dismissal and reinstate the case for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded with directions.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS and JACKSON, JJ., concur.