Thurman L. WILLETT,
Plaintiff-Respondent,

v.

REORGANIZED SCHOOL DISTRICT NO.
2 OF OSAGE COUNTY, Missouri, and
Joseph M. McCuskey, Harold F. Schulte,
Eugene W. Plegge, and Joseph J. Fick,
Members of the Board of Education of
Reorganized School District No. 2 of
Osage County, Missouri, Defendants-Appellants.

Nos. WD 31122–31180.

Missouri Court of Appeals,
Western District.

July 8, 1980.

Robert L. Hyder, Jefferson City, for defendants-appellants.

John W. Inglish, Jefferson City, for plaintiff-respondent.

Before WASSERSTROM, C. J. Presiding, and PRITCHARD and KENNEDY, JJ.

KENNEDY, Judge.

Plaintiff Thurman Willett had judgment against defendant Reorganized School District No. 2 of Osage County, after a trial to the court, without a jury, for the balance claimed to be owing on a three-year contract of employment as superintendent of schools. The contract term commenced July 1, 1974, and ended June 30, 1977. It provided a $22,000 annual salary. Mr. Willett was discharged on May 16, 1975, and was paid only to that date. The court awarded him the full amount of the unpaid salary for the period of the contract beginning with the date of discharge, less $21,000 earned from other employment in the final year of the contract, and less $1,000 which the court found had been overpaid to plaintiff in an earlier year. The court also allowed him $3,000 expenses incurred in searching for other employment after his discharge. The net amount, including interest to the date of judgment, was $32,-849.99.

From this judgment the defendant district has appealed.

Plaintiff also appealed, complaining of the denial of his claim for lost retirement benefits, of the court's finding adjudging him liable for the overpayment of salary in the sum of $1,000, and of the court's denial of his damage claim for an alleged conspiracy among individual defendants McCuskey, Schulte, Plegge and Fick, members of the board of education.

The judgment is affirmed conditionally, as later explained, and the case is remanded for purposes which will be described.

We will now take up the points presented by the parties:

*Contract invalid.*

Defendant district first says that the three-year term of the contract was unauthorized by law and invalid at the time of its execution. It relies upon § 168.201, RSMo 1978. That statute was enacted in 1973 and became effective July 1, 1974. It provides for the hiring of a superintendent for districts such as defendant district, for terms up to three years from the date of

the contract. The contract under consideration was executed March 13, 1974, before the effective date of the statute.

The validity of a contract is determined by the law in effect at the time of its execution. *Whitmire v. H. K. Ferguson Co.*, 261 Cal.App.2d 594, 68 Cal.Rptr. 78, 82 (1968); 17 Am.Jur.2d, Contracts, § 171 (1964); Restatement on Contracts, § 608 (1932).

Before the effective date of the statute, not only was there no statute limiting the time for which a superintendent could be employed for a six-director district, there was no statute which authorized the employment of a chief executive officer by any name. Sec. 432.070, RSMo 1978, in effect at the time of the contract and still in effect at this date, says a school district may make no contract unless the contract is *within the scope of its powers*, or is expressly authorized by law.

There having been no express statutory authority for the employment of a superintendent, for three years or any other term, at the time this contract was entered into, we inquire if the contract was within the scope of its powers. The answer must be in the affirmative. Sec. 162.261, RSMo 1978, places upon the board of education of the school district the "government and control" of the district. It is unreasonable to suppose that a modern school district could be operated without a skilled executive, by whatever name he may be called. The employment of such an executive was within the scope of the board's powers at the time the contract was entered into. Now, of course, the employment of a superintendent for the term therein limited is expressly authorized by § 168.201, *supra*.

As to the three-year term, that, too, was within the scope of the board's powers. The reasonableness of the term of the employment was for the board to decide, within an ample discretion. It was well within the range of its authority in entering into the three-year contract of employment. *School District of Kansas City v. Clymer*, 554 S.W.2d 483, 487 (Mo.App.1977).

The district rather feebly makes the point that the teacher provisions of the statutes applied to the superintendent, which would limit the term of employment to the number of months in the school year, § 168.108, RSMo 1978. It bases this argument upon the fact that the contract between the district and the plaintiff was on a printed form designed for teachers, and plaintiff throughout is described as a "teacher". It is plain enough, though, that plaintiff was employed as a superintendent and not as a teacher. He had been superintendent of the district since 1955. No one seriously contended that he was a teacher, or that any of the parties considered him a teacher.

Defendant's claim of the invalidity of the contract is disallowed.

*Breach of contract by plaintiff.*

The district next claims that plaintiff breached his contract and that the district was therefore justified in discharging him. It points to a long list of alleged acts of wrongdoing on plaintiff's part.

In the case of several of these alleged derelictions, the district has cited no statute, no contractual provision, and no common law principle which plaintiff's alleged acts violated. While the court does not limit itself to the parties' briefs, but searches on its own for authorities which will aid in arriving at a correct decision, still the absence of the citation of any statute or case on a proposition asserted by a party indicates that there are no authorities supporting it. In the division of work envisioned by the Supreme Court Rules, the appellant is to furnish in its brief authorities to enable the court to consider its claim, Supreme Court Rule 84.04(d). We have, nonetheless, out of a certain scrupulosity, examined these points for any patent error which might have resulted in a miscarriage of justice, Supreme Court Rule 84.13(c). We have found none.

One of the alleged wrongful acts of the plaintiff is said to be in violation of § 168.130, RSMo 1978. The statute forbids a *teacher's* "tak[ing] part in the manage-

ment of [a] campaign" to elect or defeat a candidate for the board of education. The statute is part of the Teacher Tenure Act, and by its express terms does not apply to superintendents, § 168.104(7), RSMo 1978. The acts complained of consisted of mailing out 600 mimeographed sheets of unknown content at an unidentified time to influence the outcome of an unspecified election—plaintiff said they were a defense of the administration against attacks made upon it—and in mailing out nine letters in support of candidates who lost in the 1974 election. Plaintiff said these nine letters were sent out at his own expense. Defendant cites us to no statute or case condemning the actions of the plaintiff in these instances, nor has our search located any.

Another of plaintiff's alleged wrongful acts was the use of checks signed in advance in blank by the treasurer and president of the school board. This practice is said to have been in violation of § 165.021, RSMo 1978. Plaintiff testified it was a practice in use when he came to the school in 1955 and they continued its use for convenience. The practice was stopped in 1974 when the board protested. The statute places upon the superintendent no duties with respect to signing and delivery of the checks, but makes the president and treasurer the signators of the school district checks. The board's acquiescence and condonation are plain, and the criticized practice furnishes no ground for dismissal of the plaintiff. *Lugena v. Hanna*, 420 S.W.2d 335, 341 (Mo.1967); *Pasley v. Marshall*, 305 S.W.2d 879, 882 (Mo.App.1957); *Jordan v. J. R. Weber Moulding Co.*, 77 Mo.App. 572 (1898); *Goudal v. Cecil B. DeMille Pictures Corp.*, 118 Cal.App. 407, 5 P.2d 432 (1931); 56 C.J.S. Master and Servant § 43 (1948).

The court did not err in finding that the plaintiff's acts had given the school district no just cause for dismissal.

*Allowance of travel expenses.*

Appellant district complains of the court's allowance of $3,000 travel expenses incurred by plaintiff in seeking other employment after his dismissal. The expenses were supported by the evidence. Other employment of plaintiff would mitigate damages and would redound to the benefit of the district. In fact, plaintiff was employed the last year of the contract for $21,000, and the school district received credit for that amount. The district cites no authority nor plausible argument why the travel expense item should not be allowed. It was a proper item to be allowed to plaintiff. *Greminger v. Seaborne*, 584 F.2d 275, 279 (8th Cir. 1978); *Ray v. Board of Education of Pond Creek, Grant County*, 194 Okl. 472, 153 P.2d 233 (1944).

*Accounting by plaintiff.*

Finally, appellant says the court erred in denying an accounting by plaintiff. The trial court found that the defendant had "failed to establish . . . the elements of such relief". An accounting is an equitable remedy and is appropriate where there are many items to be settled and adjusted between the parties. *State v. Nolte*, 350 Mo. 842, 169 S.W.2d 50, 56 (1943); *Richter v. Frieden*, 243 S.W.2d 783, 786 (Mo.App.1951). The trial court correctly concluded that an accounting was not indicated.

Actually defendant complains under this heading only of the purchase by plaintiff for the district of certain machinery under what we take to have been a lease-purchase arrangement. The deal culminated in a Federal court action against the school board which was settled by the payment of $5,000. This was not alleged in the district's counterclaim against plaintiff, but was sought to be proved under a general allegation seeking an accounting. The court would not allow the proof (except by way of offer of proof) nor would he allow the amendment of the counterclaim during the trial. The court was within his discretion in denying leave for the amendment, *Parsons Construction Co. v. Missouri Public Service Co.*, 425 S.W.2d 166, 174 (Mo.1968); *Yamnitz v. Polytech, Inc.*, 586 S.W.2d 76, 83 (Mo.App.1979); Rule 55.33(a), and correctly disallowed the district's claim.

*Salary overpayment.*

■ Plaintiff appeals from that portion of the judgment which charges him with a $1,000 salary overpayment earlier received by him. The overpayment had been disclosed by an audit. When the matter was presented to the district board—this was after the 1974 election—a motion to require repayment of the amount failed on a three-three vote. That action, though, did not have the effect of forgiving the debt. Mr. Willett himself stated that the overpayment to him was a matter of inadvertence.

The court's crediting the district with this $1,000 was entirely correct, and plaintiff's point is disallowed.

*Conspiracy among individual board member defendants.*

Plaintiff also complains of the court's disallowance of his claim for damages against four individual members of the board of education, based upon an alleged conspiracy among them, to cause the district to breach its contract with plaintiff.

There was evidence that defendants Plegge and Schulte, critics of Mr. Willett, ran for seats on the board in 1974 as opponents of Mr. Willett and his administration. Defendant Fick ran and was elected in 1975 upon the same platform. These three joined defendant McCuskey, a critic of Willett and a member of the board since 1971, in voting to discharge the plaintiff. These four discussed among themselves, outside of official meetings, the discharge of Willett. It is not clear that they agreed among themselves to vote in concert to achieve that object.

■ Assuming that there could be an actionable conspiracy among public school board members to discharge a superintendent of schools, in the absence of bad faith[1] —a dubious proposition, but one we do not undertake to decide—it is at least clear that the burden of proving a conspiracy was upon the plaintiff, and he must have proved it by clear and convincing evidence. *Na-*

tional Rejectors, Inc. v. Trieman, 409 S.W.2d 1, 50 (Mo. banc 1966); *Fitzpatrick v. Federer Realty Co.,* 351 S.W.2d 673, 682–3 (Mo.1961); *Mills v. Murray,* 472 S.W.2d 6 (Mo.App.1971). The individual defendants denied that there was any conspiracy among themselves to discharge Mr. Willett, and the court was not obliged to adopt plaintiff's construction of the evidence. We are unable to say the court was wrong in his decision. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). We have examined plaintiff's case of *Mills v. Murray, supra,* but we do not find it persuasive in the present situation.

*Loss of retirement benefits.*

■ Plaintiff appealed from the denial by the court of an additional $7,528.68 loss of retirement benefits. Plaintiff would be entitled to the same. *State ex rel. Phillip v. Public School Retirement System of the City of St. Louis,* 262 S.W.2d 569, 578 (Mo. banc 1953); § 169.010 to 169.140, RSMo 1978. However, in oral argument before this court the district's attorney announced that if the judgment for unpaid salary were affirmed, that the district would be required by law to make commensurate contributions to the teachers' pension fund. The attorney for the plaintiff stated that plaintiff would thereby be satisfied.

*Conclusion.*

The judgment is affirmed in toto if the pension contribution is made by the district in accordance with the statements made in oral argument as recounted in the preceding paragraph. If the pension contributions are not made, the judgment is affirmed except as to the retirement benefits. As to that portion of the judgment, plaintiff will be entitled to an additional $7,528.64. The case is remanded to the trial court.

All concur.

---

1. *But see Greminger v. Seaborne, supra* at 279, where individual school board members were held to be responsible in damages to school-

teachers dismissed because of the exercise of their First Amendment rights, in action brought under 42 U.S.C., § 1983.