**Brian J. HOUSELOG, Arthur Houselog, and Elizabeth C. Houselog, Appellees,**

v.

**MILWAUKEE GUARDIAN INSURANCE, Appellant.**

No. 90–740.

Supreme Court of Iowa.

July 17, 1991.

Gregg L. Owens, Michael J. Coyle and Norman J. Wangberg of Fuerste, Carew,

Coyle, Juergens & Sudmeier, P.C., Dubuque, for appellant.

James G. Schilling, Dubuque, for appellees.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

Appellant, Milwaukee Guardian Insurance, Inc. (Milwaukee), appeals from an adverse ruling in the district court on a motion for summary judgment filed by appellees Brian, Arthur, and Elizabeth Houselog. The question is whether the district court erred in determining that Milwaukee, as the appellees' underinsurance carrier, is liable for prejudgment interest in a case it did not defend. We conclude that it did not, and affirm the district court's ruling.

On November 10, 1985, Brian Houselog, then a minor, was struck by an automobile negligently operated by Robert Spechtenhauser. At the time of the accident, Spechtenhauser was insured against liability by an automobile liability policy issued by West Bend Mutual Insurance Company (West Bend). This coverage provided liability limits of $100,000 for bodily injury and $25,000 for property damage. The Houselogs were insured under an automobile liability policy issued by Milwaukee.

The Milwaukee policy contained an underinsured motorist endorsement amending the uninsured motorist provisions to include underinsured motorists. This coverage provided limits of $100,000 per person and $100,000 per accident. The policy also included medical services payments coverage with a $3000 limit, and a clause for the reduction of any underinsured motorist liability for medical service payments made subject to the $3000 limit.

On December 18, 1985, the Houselogs commenced a comparative fault action against Spechtenhauser. The case proceeded to trial and resulted in a jury verdict on March 25, 1988, finding that Brian Houselog and Robert Spechtenhauser were each fifty percent at fault; that Brian Houselog suffered damages in the amount of $110,000 (reduced to $55,000 to account for Brian's percentage of fault); and that Arthur and Elizabeth Houselog, Brian's parents, suffered damages in the amount of $48,443. The court then entered judgment against Spechtenhauser for $103,443 plus interest at ten percent from December 18, 1985.

On June 3, 1988, West Bend, Spechtenhauser's liability insurance carrier, paid the Houselogs $102,037.57 (their policy limits plus accrued postjudgment interest) of the $128,864.38 principal and interest then due the Houselogs on their judgment.

On December 15, 1988, the Houselogs commenced this action against Milwaukee for the unpaid portion of their judgment pursuant to the underinsured motorist provisions of their automobile liability policy. On April 11, 1990, the district court entered summary judgment against Milwaukee in the amount of $27,011.51 plus interest at $6.52 per day until paid. The district court based its judgment on the following calculations:

| | |
|---|---|
| Principal Judgment | $103,443.00 |
| Interest on $103,443.00 | |
| December 18, 1985—December 17, 1986 | 10,344.30 |
| Interest on $103,443.00 | |
| December 18, 1986—December 17, 1987 | 10,344.30 |
| Interest on $103,443.00 | |
| December 18, 1987—June 3, 1988 | 4,732.78 |
| Total: | $128,864.38 |
| Less June 3, 1988, liability insurer payment | (102,037.52) |
| Less $3,000 credit for medical payments made | ( 3,000.00) |
| Balance: | $ 23,826.86 |
| Interest on $23,826.86 | |
| December 15, 1988—December 14, 1989 | 2,382.69 |
| Interest on $23,826.86 | |
| December 15, 1989—April 11, 1990 | 801.96 |
| Total: | $ 27,011.51 |
| Plus daily interest until paid of: | 6.52 |

Milwaukee now appeals and the Houselogs cross-appeal this judgment.

Our scope of review is determined by the nature of the trial proceedings. *Bates v. Allied Mut. Ins. Co.*, 467 N.W.2d 255, 257

(Iowa 1991). This action was filed and tried at law. Therefore, our review is for correction of errors at law. Iowa R.App. 4.

I. Milwaukee contends that the district court judgment for $27,011.51 represents interest under Iowa Code section 535.3 (1987) and is therefore not "damages because of bodily injury" for which it is liable. While it does not deny liability in the totality, Milwaukee asserts that under its policy of insurance with the Houselogs, it is only liable for $443 plus interest from the date this action was commenced, calculated as follows:

| | |
|---|---|
| Damages for bodily injury | $103,443.00 |
| Less liability insurer payment of limits | (100,000.00) |
| Less $3,000 credit for medical payments made | ( 3,000.00) |
| Total: | $ 443.00 |
| Plus daily interest until paid of: | .12 |

In further support of its contentions, Milwaukee relies on the following policy language:

> We will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle. The bodily injury must be caused by accident and arise out of the ownership, maintenance or use of the uninsured motor vehicle.
>
> . . . .
>
> We agree with you that coverage provided by the policy for damages because of bodily injury due to an accident caused by an uninsured automobile, is amended to include "underinsured automobile" subject to these provisions:
>
> 1. "Underinsured automobile" means a motor vehicle to which bodily injury liability bonds or insurance policies apply at the time of the accident, but the sum of the limits of liability is less than the limits of liability which apply under this insurance.
>
> 2. The limits of liability for underinsured motorist coverage as stated in the declarations shall be reduced by the sum of the limits of liability for all bodily injury liability bonds and insurance policies which apply to the underinsured automobile.

> 3. We are not obligated to make any payment under this insurance until the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements.

"Damages for bodily injury" and "damages because of bodily injury," are phrases contained in Milwaukee's policy language on underinsurance coverage and the latter phrase is language from Iowa Code chapter 516A which requires the offering of underinsurance coverage. Neither phrase includes the element of prejudgment interest, according to Milwaukee's argument.

■■■ Much of the parties' arguments revolves around their deductions from our cases, none of which has decided this issue, and policy concerns attributed to underinsurance. Our analysis of the cases and legislative directions in this area do not render the phrases used by Milwaukee in its policy free from doubt. In this posture, where insurance contracts are ambiguous, we adopt a construction most favorable to the insured. *Rich v. Dyna Technology, Inc.*, 204 N.W.2d 867, 872 (Iowa 1973). A contract of insurance should be interpreted from the viewpoint of an ordinary person, not a specialist or expert. *Rodman v. State Farm Mut. Ins. Co.*, 208 N.W.2d 903, 906 (Iowa 1973).

We have considered whether interest was a part of the damage award in other types of litigation. In *Black v. Minneapolis & St. L.R.R. Co.*, 122 Iowa 32, 37, 96 N.W. 984, 986 (1903), complaint was made that the jury's damage award for a burned hay crop should not have included interest at six percent on the loss of use for the proposed raising of a hay crop. We said:

> It is true that the damage was unliquidated, and plaintiff is not entitled as a matter of law to interest. But it is well settled that, in estimating even unliquidated damages, the jury may take into account interest on the sum found necessary to compensate the plaintiff for the injury suffered at the time of the loss, on

the theory that such interest is a part of his damage.

In *Chamberlain v. City of Des Moines*, 172 Iowa 500, 502, 154 N.W. 766, 767 (1915), we recognized the common law as prohibiting interest on unliquidated damages until the amount of damage is ascertained, because before that the amount of the award is uncertain and unfixed. At the same time we stated that many exceptions have been made to the rule. As another exception we then held it was proper to allow interest on the damages done by a change in the grade of a street from the time the change was made to the time the verdict was returned.

Other cases have allowed interest as part of the damages though the precise amount was later determined. *Midwest Management Corp. v. Stephens*, 353 N.W.2d 76 (Iowa 1984) (breach of fiduciary duty causing loss of investment); *Wetz v. Thorpe*, 215 N.W.2d 350 (Iowa 1974); *Thomas Truck & Caster Co. v. Buffalo Caster & Wheel Corp.*, 210 N.W.2d 532 (Iowa 1973) (conversion of property); *Weaver Constr. Co. v. Farmers Nat'l Bank*, 253 Iowa 1280, 115 N.W.2d 804 (1962) (misappropriation of property); *General Mills v. Prall*, 244 Iowa 218, 56 N.W.2d 596 (1953); *Bridenstine v. Iowa City Elec. Ry. Co.*, 181 Iowa 1124, 165 N.W. 435 (1917) (wrongful death (because damages to the estate became complete at the date of death)).

Milwaukee distinguishes these cases on the ground that the interest in most of them ran from the date of entry of judgment and not from the commencement of the action as section 535.3 commands. Notwithstanding this difference, the prevailing theme is that interest has in many scenes been viewed as a part of the damages.

Recently we determined that prejudgment interest that exceeded the policy limits was not a contractual or legal obligation of the insurer. *Farm Bureau Mut. Ins. Co. v. Milne*, 424 N.W.2d 422 (Iowa 1988). In that case we said:

In answer to the first question, Farm Bureau concedes that although Milne's policy is silent on the question, the company is liable for such sums up to the amount of the applicable policy limits. This is because interest on unliquidated claims constitutes an element of compensatory damages.

*Id.* at 425.

Milwaukee finesses this language by pointing out that payment of some prejudgment interest was conceded by appellant in the case; the only issue of determinative effect was whether interest over the policy limit was owed. Regardless of the holding, we believe the underlying premise as quoted above is sound and is consistent with our prior development of the law. Moreover, the premise that prejudgment interest is an element of compensatory damages is the foundation from which we held that the policy limit cut off its running. *See also Dabney v. Montgomery Ward & Co.*, 761 F.2d 494, 502 (8th Cir.1985) (interest viewed as compensation).

We also have not been as constrictive in our construction of "bodily injury" as Milwaukee would have it. For example, in *Hinners v. Pekin Insurance Co.*, 431 N.W.2d 345 (Iowa 1988), we held that the phrase included a loss of consortium claim by a person covered by the policy but not injured in the accident.

■ Our analysis convinces us and we hold that prejudgment interest on a judgment for damages against a tortfeasor is included in underinsurance coverage for damages "for bodily injury" or "because of bodily injury" by contractual language and by chapter 516A.

II. The Houselogs contend in their cross appeal that while the district court correctly found Milwaukee liable for interest, it incorrectly computed the amount of interest due. By statute, interest is allowed on all money due on judgments and decrees of court at the rate of ten percent per year. Iowa Code § 535.3; *Landals v. George A. Rolfes Co.*, 454 N.W.2d 891, 896 (Iowa 1990). Interest accrues from the date of the commencement of the action. Iowa Code § 535.3.

■ Throughout this litigation Milwaukee has argued that as a matter of policy

and fairness it should not be subjected to the prejudice of mounting prejudgment interest when it is not a party to the underlying lawsuit and cannot stop the accumulating interest. While we do not find this fact of sufficient merit to control our construction of damages to include interest, we do give it great weight on the issue of what periods of time are included. The trial court suspended the accrual of interest between the time the tortfeasor's liability carrier paid its policy limits (June 3, 1988) and the date of commencement of this action (December 15, 1988). In practical effect, Milwaukee is not held responsible for payment of interest from the date of entry of judgment in the initial lawsuit, March 25, 1988, until payment of $102,037.57 by West Bend on June 3, 1988, since this was postjudgment interest and was paid by West Bend.

The interest now owed by Milwaukee on the judgment to which the underinsurance coverage applies commenced on December 15, 1988, the date the Houselogs sued Milwaukee. This is determined by Iowa Code section 535.3. At that time, Milwaukee was legally notified of the specific amount of claims against it and could control the destiny of its obligations. The district court's summary judgment for the Houselogs in the sum of $27,011.51 plus daily interest at $6.52 per day from April 11, 1990, to date of payment, is hereby affirmed in its entirety.

AFFIRMED.