Sheila D. MOSSMAN, Appellant/Cross-Appellee,

v.

AMANA SOCIETY and Cedar Rapids and Iowa City Railway Company, Appellees/Cross-Appellants.

No. 91–652.

Supreme Court of Iowa.

Jan. 20, 1993.

John L. Riccolo and David L. Baker of Riccolo & Baker, P.C., Cedar Rapids, for appellant.

James F. Pickens and Matthew G. Novak of Pickens, Barnes & Abernathy, Cedar Rapids, for appellee Amana Society.

Alfred E. Willett of Irvine & Robbins, Cedar Rapids, and Mark Rettig of Hines, Pence, Day & Powers, Cedar Rapids, for appellee Cedar Rapids and Iowa City Railway Co.

NEUMAN, Justice.

The principal question in this tort action is whether one or both defendants must pay plaintiff prejudgment interest on the jury's award of future damages. The district court, while recognizing that the case predates legislation enacted to preclude such awards, denied plaintiff interest on the grounds of fairness. Our court of appeals affirmed in part, and reversed in part, based on the dates each party was sued. We granted the parties' applications for further review. We now vacate the court of appeals opinion, affirm in part and reverse in part the district court's judgment, and remand for entry of prejudgment interest on the entire award.

The underlying facts are not disputed. On October 7, 1986, plaintiff Sheila Mossman was driving along Highway 6 in Iowa County when her car struck a stray calf owned by defendant Amana Society. The collision wrecked Mossman's car and she suffered multiple injuries. On December 18, 1986, Mossman sued Amana for negligence. Amana counterclaimed for the value of the calf.

On March 19, 1987, the court sustained Amana's motion to implead Cedar Rapids and Iowa City Railway Company (CRAND-IC) as a third-party defendant. The third-party petition alleged that CRANDIC's negligent maintenance of its fences permitted the calf to reach the road, thereby obligating CRANDIC to indemnify or contribute to any judgment entered against Amana. Mossman subsequently moved to amend her original petition to add CRANDIC as a defendant. The court sustained the motion on October 20, 1988.

The case did not go to trial until March 1991. The jury assigned seventy-five percent of the fault for the accident to Amana, twenty-five percent to CRANDIC, and none to Mossman. By special verdicts the jury assessed the plaintiff's damages for past medical expense ($8325.98), future medical expense ($8492), past lost wages ($1000), future lost wages ($140,628.98), future loss of bodily function ($20,000), future mental and physical pain and suffering ($20,000), and loss of vehicle ($1553.04).

The district court's refusal to order prejudgment interest on the sizable award of future damages prompted plaintiff to appeal. The defendants then cross-appealed, claiming the record contained no substantial evidence to support the award of $8492 in future medical costs. We transferred the case to the court of appeals which affirmed on the question of sufficiency of future medical expense evidence, but reversed in part and affirmed in part on the question of prejudgment interest. Having granted further review, we now consider the issues in turn.

**I.** *Prejudgment interest.* The question is which statute governs the assessment of prejudgment interest in this case, Iowa Code section 535.3 or section 668.13. The point is an important one as we have recently held that "[f]uture damages are not excepted from the plain language of section 535.3." *Mercy Hosp. v. Hansen, Lind and Meyer, P.C.*, 456 N.W.2d 666, 674 (Iowa 1990); *accord Thornton v. Guthrie County Rural Elec. Coop. Ass'n*, 467 N.W.2d 574, 577 (Iowa 1991); *see also In re Marriage of Baculis*, 430 N.W.2d 399, 403 (Iowa 1988).

Since 1980, section 535.3 has provided that interest "shall accrue from the date of

the commencement of the action." 1980 Iowa Acts ch. 1170, § 1 (codified at Iowa Code § 535.3 (1981)). In 1987, however, the legislature amended the statute to state that "[t]his section does not apply to the award of interest for judgments and decrees subject to section 668.13." 1987 Iowa Acts ch. 157, § 1 (codified at Iowa Code § 535.3 (1989)). The new section 668.13 states: "Interest awarded for future damages shall not begin to accrue until the date of the entry of the judgment." 1987 Iowa Acts ch. 157, § 8 (codified at Iowa Code § 668.13(4) (1989)). The amendment applies to all causes of action accruing on or after July 1, 1987, and all causes of action accruing before July 1, 1987, and filed on or after September 15, 1987. 1987 Iowa Acts ch. 157, § 11.

With this legislative history in mind, we review the crucial dates in the case before us. Mossman's suit against Amana was filed in October 1986. CRANDIC was impleaded as a third-party defendant in March 1987. Mossman amended her petition to name CRANDIC as a defendant in October 1988.

We are convinced that section 535.3, not section 668.13, applies under these facts. Clearly the action accrued before July 1, 1987. Mossman's suit against Amana, as well as Amana's third-party action against CRANDIC, antedated the September 15, 1987, cutoff date for application of section 535.3.

■ The district court drew the same conclusion but then refused to award interest on future damages from the date of filing because it believed it would be unfair to do so. In its ruling the court noted informal discussions with counsel which revealed that delay in the litigation was principally due to the stress of plaintiff's marital dissolution and her requests for continuance. The court was without discretion, however, to withhold interest on this ground. *Mermigis v. Servicemaster Indus., Inc.*, 437 N.W.2d 242, 248 (Iowa 1989). The proper sanction against a dilatory plaintiff is "refusal to grant a continuance, not denial of pretrial interest." *Id.* at 249.

■ In an attempt to uphold the court's judgment, CRANDIC urges that we ignore the impleader date and use the later date when Mossman amended her petition to name CRANDIC as a defendant (October 1988). This is the basis upon which the court of appeals distinguished between Amana and CRANDIC in the imposition of prejudgment interest on the future damages.

We believe for purposes of applying the proper interest statute, it is appropriate to look at the date upon which CRANDIC first became a party to the suit. This is consistent with the rule that, once impleaded, a third-party defendant may assert against the plaintiff any claim arising out of the original occurrence, as well as any defense the third-party plaintiff may have against the original plaintiff's claim. Friedenthal, Kane, and Miller, *Civil Procedure* § 6.9 (West 1985). Since CRANDIC became a party for these purposes effective March 1987, any assessment of prejudgment interest should run from this date, not the later date when it was sued directly by Amana. We do not believe the calculation of prejudgment interest should turn on the procedural device used to bring a defendant into the action.

Because Mossman's cause of action accrued and commenced against both defendants before the effective date of section 668.13, section 535.3 governs the assessment of interest. That means interest must be computed on all damages, including compensation for the present value of future injury and expenses, from the date of filing. *Thornton*, 467 N.W.2d at 577. The case must be reversed and remanded for correction of the judgment entry.

■ II. *Future medical expenses.* Defendants contend that Mossman tendered insufficient proof of future medical expense to substantiate the jury's award of $8492. They claim that the proof is speculative at best, particularly as to whether Mossman will ever avail herself of the treatment. The court of appeals found no error in the court's submission of this item of damages for the jury's consideration, and neither do we.

The controversy stems from the fact that the evidence of future medical expense was tendered by defendants' examining physician, Dr. Richard Neiman, not Mossman's treating physician. Dr. Neiman described the pain and significant limitation in range of motion suffered by Mossman due to her injured neck and shoulder. This chronic cervical sprain and capsular adhesive tendonitis accounted, in his judgment, for a twenty-five percent physical impairment. In an apparent attempt to refute Mossman's testimony that this would be a lifelong disability, however, Dr. Neiman described two procedures which he predicted would give her substantial relief. He recommended physical therapy for very active soft tissue manipulation and general surgery to break up the capsular adhesions in her shoulder area. He detailed the time necessary to accomplish the treatment, including ten-day hospitalization and several outpatient visits, and the estimated fees for the physical therapist and surgeon. These costs totaled approximately $3000 exclusive of hospital room charges.

To recover the cost of future medical treatment, a plaintiff must furnish substantial proof of the necessity for future treatment and the cost thereof. *Stanley v. State*, 197 N.W.2d 599, 607 (Iowa 1972); *Zach v. Morningstar*, 258 Iowa 1365, 1371, 142 N.W.2d 440, 444 (1966); *Shover v. Iowa Lutheran Hosp.*, 252 Iowa 706, 723, 107 N.W.2d 85, 95 (1961). Here Dr. Neiman testified that the treatment he proposed had a success rate of about sixty percent and would be beneficial to Mossman. Although Mossman did not testify that her own physician recommended this particular course of surgery or physical therapy, we believe a jury question was raised on the reasonable necessity of this future treatment and its estimated cost. Substantial evidence supported the jury's verdict.

III. In its original judgment, the district court entered separate judgments against Amana and CRANDIC based on their relative percentages of fault as assessed by the jury. On remand, the district court should conform the corrected judgment entry to Iowa Code section 668.4.

Because Amana was found to bear seventy-five percent of the total fault assigned to the defendants, it is jointly and severally liable for all of plaintiff's damages. *Pepper v. Star Equip., Ltd.*, 484 N.W.2d 156, 158 (Iowa 1992); Iowa Code § 668.4.

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS.

LAVORATO, J., takes no part.