Cara NESBIT, Jeanne Nesbit, and Ronald
Nesbit, Plaintiffs–Appellees,

v.

William MYERS and Wal–Mart Stores,
Inc., Defendants–Appellants.

No. 96–1816.

Court of Appeals of Iowa.

Jan. 28, 1998.

Fred L. Morris and Joseph M. Barron of
Peddicord, Wharton, Thune & Spencer, P.C.,
Des Moines, for appellants.

Thomas Henderson and John F. Fatino of
Whitfield & Eddy, P.L.C., Des Moines, for
appellees.

Heard by CADY, C.J., and SACKETT and
VOGEL, JJ.

SACKETT, Judge.

Defendants-appellants William Myers and
Wal–Mart Stores, Inc. appeal from a damage
award in a personal injury action claiming
there is not substantial evidence supporting
an award of $10,000 for future medical ex-
penses. We affirm.

A car owned by plaintiffs Jeanne Nesbit
and Ronald Nesbit and driven by plaintiff
Cara Nesbit was hit in the rear by a truck
owned by defendant Wal–Mart Stores and
driven by defendant William Myers. Plain-
tiffs sued and the jury found defendants one
hundred percent at fault in the accident.
The jury awarded Cara $25,845.95, including
$10,000 for future medical expenses. Only
that portion of the verdict relating to future
medical expenses is challenged by defen-
dants.

Defendants made a motion at the close of
the case asking for a directed verdict on
future medical expenses. Defendants also
objected to the submission of future medical
expenses to the jury.

Plaintiffs contend defendants have
not preserved error on this issue. The issue

of whether there was any evidence to support an award of future medical expenses was presented to the trial court. Both parties had an opportunity to argue the issue to the trial court. The trial court had ample opportunity to rule on that issue. The law requiring a party to file a motion requesting the trial court to enlarge or amend its findings in order to preserve an issue for appeal only applies when the court failed to resolve an issue, claim, defense, or legal theory the parties properly submitted to it for adjudication. *See Lawrence v. Grinde,* 534 N.W.2d 414, 418 (Iowa 1995).

■ We review a trial court's grant or denial of a motion for directed verdict for correction of errors of law. Iowa R.App. P. 4; *Lawrence,* 534 N.W.2d at 418. We view the evidence in the light most favorable to the nonmoving party, in this case the plaintiffs, and afford them every legitimate inference we can reasonably deduce from the evidence. *Lawrence,* 534 N.W.2d at 418. We must determine whether reasonable minds could differ on the issue presented, and if such is the case, the refusal to direct the verdict was appropriate. *See id.*

■ To recover for future medical expenses, a plaintiff must demonstrate a need for future treatments and the costs associated with the future treatments. *Mossman v. Amana Society,* 494 N.W.2d 676, 679 (Iowa 1993). The evidence of the cost of the future treatment and the proof of the necessity of it must be substantial. *See Stanley v. State,* 197 N.W.2d 599, 607 (Iowa 1972).

The accident happened on December 6, 1994. Cara's entire medical bill was $873. Cara was treated by Dr. Evans between December 1994 and April 1995, and the total for this treatment was $521. Cara had no medical treatment after March 31, 1995. Trial of the case was held in August 1996.

■ Plaintiffs contend there is substantial evidence to support the award of future medical expenses. They point to testimony of Dr. Evans that the cause of Cara's injuries was the accident and his fees for treatment were fair and reasonable. Plaintiffs rely on the doctor's testimony that based on Cara's continuing complaint of discomfort or dys-

function of the neck since March 1995, some eighteen months since he last examined her, it was his opinion she can expect in the next eighteen months to have a similar pattern of discomfort and in all probability it will continue in the future. The doctor was asked if Cara experienced discomfort what recommendation he had as to how she might treat the discomfort. He suggested home therapies of exercise and ice or heat and over-the-counter anti-inflammatory medications. If the symptoms lasted two to three days, he said it might require professional intervention to get the cycle to stop and suggested a doctor of chiropractic or perhaps an orthopedic surgical specialist. There was no opinion any of such treatments would be necessary and there is absolutely no evidence of the cost of any anticipated treatments.

■ While a plaintiff does not necessarily have to accurately determine the cost of future medical expenses, there should be one or more qualified witnesses giving such an opinion upon which a jury may reasonably fix an allowance. *See Shover v. Iowa Lutheran Hosp.,* 252 Iowa 706, 723, 107 N.W.2d 85, 95 (1961).

The medical evidence is sufficient to support a finding Cara would have future problems that could be treated with over-the-counter remedies. The cost of over-the-counter remedies is a fact within the knowledge of the lay juror and a jury can fix an allowance for the future expense of over-the-counter remedies without specific testimony to their cost. The trial court was correct in overruling defendants' motion for directed verdict on the submission to the jury of future medical expenses.

Any claim by defendants there was not substantial evidence to support an award in the amount of $10,000 has not been preserved for our review and we do not address it. Defendants did not file a motion for a judgment notwithstanding the verdict under Iowa Rule of Civil Procedure 243(b). The trial court consequently was not afforded the opportunity to rule on whether the amount of the verdict was excessive and not supported by the evidence. *See Qualley v. Chrysler*

*Credit Corp.,* 261 N.W.2d 466, 470 (Iowa 1978).

**AFFIRMED.**