Kevin WILSON, Appellee,

v.

IBP, INC. and Diane Arndt, Appellants,

State of Iowa ex rel. Civil Reparations
Trust Fund, Intervenor–Appellee.

No. 97–971.

Supreme Court of Iowa.

Feb. 17, 1999.

'Wade R. Hauser and H. Richard Smith of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, P.C., Des Moines, and Margaret C. Callahan of Belin Lamson McCormick Zumbach Flynn, A P.C., Des Moines, for appellants.

David L. Brown of Hansen, McClintock & Riley, Des Moines, and Randall J. Shanks, Council Bluffs, for appellee Kevin Wilson.

Thomas J. Miller, Attorney General, Craig Kelinson, Special Assistant Attorney General, and Richard E. Mull, Assistant Attorney General, for intervenor-appellee State of Iowa ex rel. Civil Reparations Trust Fund.

LARSON, Justice.

This case presents a very narrow issue: Do punitive damages accrue interest from the date of a jury's verdict or from some later date. The district court opted for the earliest date, and the defendants appealed. We affirm.

### I. *Facts and Prior Proceedings.*

Detailed facts of this case are set out in a prior appeal, *Wilson v. IBP, Inc.,* 558 N.W.2d 132 (Iowa 1996), *cert. denied,* —— U.S. ——, 118 S.Ct. 52, 139 L.Ed.2d 17 (1997) *(Wilson I).* Briefly, Wilson was an employee of IBP when he filed a workers' compensation claim for job injuries. IBP's occupational health nurse, Diane Arndt, told Wilson's doctor that IBP had a videotape showing Wilson was faking his injuries. IBP in fact had no such videotape.

Wilson sued IBP and Arndt (collectively IBP) for defamation. The jury awarded Wil-

son $4000 in compensatory damages and $15 million in punitive damages. IBP moved, alternatively, for a judgment notwithstanding the verdict, a new trial, or remittitur. The court ordered a new trial unless Wilson accepted $100,000 in punitive damages. Wilson declined to accept the reduced amount and filed the appeal in *Wilson I*. In that appeal, we affirmed the $4000 in compensatory damages but modified the punitive damage award by ordering a new trial or a remittitur of all punitive damages in excess of $2 million. We said that, if Wilson opted for the remittitur, the district court should apportion the $2 million as follows:

(1) For payment of applicable fees and costs, including plaintiff's reasonable attorney fees applicable to the recovery of the $2 million award, from the gross punitive damage award of $2 million.

(2) For twenty-five percent of the $2 million award in favor of plaintiff ($500,000).

(3) For the remainder of the $2 million award after satisfying (1) and (2) apportionments to the Civil Reparations Trust Fund.

*The judgments shall also include interest as provided by law.*

*Wilson I*, 558 N.W.2d at 148 (emphasis added).

By this time, the State of Iowa had become interested in this case because, under Iowa Code section 668A.1(2)(b) (1997), the Civil Reparations Trust Fund would share in the punitive damage award. The trust fund intervened and is a party to the present appeal.

Wilson accepted the remittitur under *Wilson I* on March 26, 1997. The district court entered judgment on April 25, 1997, as follows:

1. $4,000.00 compensatory damages, plus 10% per annum interest from the date the petition in this matter was filed, February 16, 1993 as provided by Iowa Code § 535.3.

2. $2,000,000.00 punitive damages, plus 10% per annum interest from the date of the jury verdict, December 2, 1994 as provided by Iowa Code §§ 535.3 and 625.21 to be distributed according

to the determination of the Iowa Supreme Court as follows:

a. Forty percent (40%) of the total punitive damage award together with interest in the amount of 10% per annum from date of verdict, December 2, 1994, to attorney's fees.

b. Twenty-five percent (25%) of the total punitive damage award ($500,000) together with interest in the amount of 10% per annum from date of verdict, December 2, 1994 to plaintiff.

c. The remainder, together with interest in the amount of 10% per annum from date of verdict, December 2, 1994, to the Civil Reparations Trust Fund after satisfying 2(a) and 2(b).

All court costs assessed against defendant IBP.

IBP filed the present appeal, challenging only the court's award of prejudgment interest on the punitive damage award.

## II. *Standard of Review.*

■ Any award of interest depends entirely on statute because at common law there was no right to interest on any type of damages. *See Arnold v. Arnold*, 258 Iowa 850, 854, 140 N.W.2d 874, 877 (1966); V. Woerner, Annotation, *Date of verdict or date of entry of judgment thereon as beginning of interest on judgment*, 1 A.L.R.2d 479, 480 (1948). This case therefore turns on the application of our interest statutes and our prior cases interpreting them.

■ Questions of statutory interpretation are reviewed for correction of errors at law, *In re E.H. III*, 578 N.W.2d 243, 245 (Iowa 1998), and of course a district court's legal conclusions are not binding on appeal. *State v. Eickelberg*, 574 N.W.2d 1, 3 (Iowa 1997).

## III. *The Statutes.*

■ The district court relied on Iowa Code sections 535.3 and 625.21. Under section 535.3,

[i]nterest shall be allowed on all money due on judgments and decrees of courts at the rate of ten percent per year, unless a different rate is fixed by the contract on

which the judgment or decree is rendered, in which case the judgment or decree shall draw interest at the rate expressed in the contract, not exceeding the maximum applicable rate permitted by the provisions of section 535.2, which rate must be expressed in the judgment or decree. *The interest shall accrue from the date of the commencement of the action.*

This section does not apply to the award of interest for judgments and decrees subject to section 668.13.

(Emphasis added.) Section 625.21 provides:

Except for an action brought pursuant to chapter 668, when the judgment is for the recovery of money, interest *from the time of the verdict* or report until judgment is finally entered shall be added to the costs of the party entitled to the costs.

(Emphasis added.)

■ Both parties face problems in the application of these sections. IBP's problem is that neither statute makes any exception for punitive damages; both of them simply refer to "damages" on which prejudgment interest will be allowed. When a statute is plain on its face, we will not search for a meaning beyond the express terms of the statute. *Lockhart v. Cedar Rapids Community Sch. Dist.*, 577 N.W.2d 845, 847 (Iowa 1998).

Wilson's problem, on the other hand, is our cases, which say that prejudgment interest cannot be applied to punitive damages. *See, e.g., Nassen v. National States Ins. Co.*, 494 N.W.2d 231, 239 (Iowa 1992); *Hagan v. Val-Hi, Inc.*, 484 N.W.2d 173, 179 (Iowa 1992); *In re Marriage of Baculis*, 430 N.W.2d 399, 402 (Iowa 1988); *Midwest Management Corp. v. Stephens*, 353 N.W.2d 76, 83 (Iowa 1984); *Dunshee v. Standard Oil Co.*, 152 Iowa 618, 631, 132 N.W. 371, 376 (1911); *see also In re IBP Confidential Bus. Documents Litig. v. IBP, Inc.*, 755 F.2d 1300, 1319–20 (8th Cir.1985), *aff'd en banc*, 797 F.2d 632, 650 (1986) (applying Iowa law), *cert. denied*, 479 U.S. 1088, 107 S.Ct. 1293, 1294, 94 L.Ed.2d 150 (1987).

The view of other jurisdictions is consistent with our own: prejudgment interest is ordinarily not allowed on punitive damages. *See* Annotation, *Right to Prejudgment Interest on Punitive or Multiple Damages Awards*, 9 A.L.R.5th 63, 74 (1993) [hereinafter Annotation]; Restatement (Second) of Torts § 913 cmt. d (1979). *Contra ·Latham Seed v. Nickerson Am. Plant Breeders, Inc.*, 978 F.2d 1493, 1501–02 (8th Cir.1992) (applying Michigan law, applied prejudgment interest in punitive award case).

In deciding when interest should begin to accrue, we have several dates from which to choose: December 2, 1994 (the jury's verdict); March 2, 1995 (the date of the district court's order for new trial or remittitur); and April 25, 1997 (the district court's final judgment following our remand in *Wilson I*). Wilson likes the first date; IBP likes the last. Wilson's alternative argument is that interest should run from the ruling on posttrial motions.

The time spread is substantial—over two years—and the amount of interest at stake is considerable—several hundred thousand dollars. Even more important, however, is our need to harmonize to the extent possible the competing public policies at stake. If we refuse to allow interest on punitive damages until the completion of all posttrial proceedings and appeals, we will almost certainly encourage posttrial proceedings and appeals. The larger the award, of course, the greater the incentive to appeal and the greater the loss to the plaintiff if interest is not allowed.

On the other hand, our ruling should not hinder or discourage meritorious posttrial proceedings and appeals in punitive-damage cases, and we should remain mindful that a plaintiff is not "entitled" to punitive damages at the time of filing the suit, as allowed by section 535.3, for the reasons to be explained. In fact, Wilson does not attempt to get interest from the date of filing.

Because our interest statutes do not speak to the question of prejudgment interest on punitive damages, we look to the purposes and policies behind the opposing views. The rationale for allowing prejudgment interest on compensatory damages while denying it on punitive damages is explained by the Colorado Supreme Court:

Compensatory damages serve a different purpose than punitive damages, and the

right to such damages accrues at a different time. Compensatory damages in a negligence action are awarded to cover loss caused by the negligence of another and are intended to make the injured party whole. The addition of prejudgment interest to a judgment for compensatory damages recognizes that the loss caused by the tortious conduct occurred at the time of the resulting injury but that the damages paid to compensate for that loss are not received by the injured party until later. "The interest is compensatory and is awarded to indemnify the plaintiff for the loss of earnings on that money due to its delayed payment." Prejudgment interest on compensatory damages, therefore, is necessary to make the plaintiff whole. The same cannot be said of prejudgment interest on punitive damages. Punitive damages are awarded to punish the wrongdoer and deter similar acts. A plaintiff who establishes liability for personal injury is entitled to compensatory damages. In contrast, because punitive damages do not compensate for loss resulting from the injury, an award of punitive damages remains at the discretion of the trier of fact even after the plaintiff has established that such damages are permissible. Until that discretion is exercised, the right to punitive damages does not arise.

*Seaward Constr. Co. v. Bradley,* 817 P.2d 971, 975 (Colo.1991) (citations omitted).

The Nevada Supreme Court has made a similar observation:

A plaintiff is never entitled to punitive damages as a matter of right; their allowance or denial rests entirely in the discretion of the trier of fact. Therefore, the amount of punitive damages to be awarded cannot be ascertained until the trier of fact has heard all the evidence. Because the amount of punitive damages to be awarded is not known until the judgment is rendered, we hold that prejudgment interest may not be granted by a trial court on punitive damage awards.

*Ramada Inns, Inc. v. Sharp,* 101 Nev. 824, 711 P.2d 1, 2 (Nev.1985) (citations omitted).

A federal circuit court, applying Iowa law, reversed a district court judgment that had allowed prejudgment interest on punitive damages under Iowa Code section 535.3. The court said:

Although the statute [section 535.3] on its face admits of no exception for punitive damage awards, we cannot agree with this construction [by the district court allowing prejudgment interest]. Interest is compensation for the deprivation of the use of money. Punitive damages do not accrue, however, until they are awarded in a judgment. It would be anomalous indeed to compensate the plaintiff for the deprivation of the use of money to which he has no claim of right.

*In re IBP Confidential Bus. Documents Litig.,* 755 F.2d at 1320 (citing *Midwest Management Corp.,* 353 N.W.2d at 82).

Wilson argues that the court's order for interest commencing with the jury's verdict is consistent with the rule that interest is due from the date of judgment because the jury's verdict was in effect a "judgment" for purposes of computing interest. He relies on the definition of judgment provided in *Moreno v. Vietor:*

Although some of our cases say there is no judgment until it has been entered of record, we believe the more accurate analysis of the cases is that *a judgment is rendered* when it is announced, or when the judge writes in his calendar a statement of his decision *or a jury returns a verdict* but that there is no competent evidence of such rendition until the entry is made on the court record.

261 Iowa 806, 810, 156 N.W.2d 305, 307 (1968) (emphasis added).

Wilson also focuses on the purpose underlying section 535.3, which is to discourage "persons obligated to pay money to another from profiting through delays in litigation." *Baculis,* 430 N.W.2d at 401 (citing *Dillon v. City of Davenport,* 366 N.W.2d 918, 926 (Iowa 1985)); *see also Mercy Hosp. v. Hansen, Lind & Meyer, P.C.,* 456 N.W.2d 666, 674 (Iowa 1990) ("[A]pplication of the statute's plain language will nevertheless further its goal of preventing persons rightfully obligated to pay money to another from profiting through delays in litigation."); *Janda v. Iowa Indus. Hydraulics, Inc.,* 326 N.W.2d 339, 344

(Iowa 1982) (retrospectively applying increased statutory interest rate under section 535.3 in order to discourage delays and appeals). Wilson contends IBP delayed his receipt of the punitive damages award during the appeal time, even though, as IBP points out, Wilson was the party who appealed. (IBP, of course, was responsible for the post-trial motions that led to the appeal.)

IBP argues that allowing interest from the date of the verdict would contravene the holdings of our previous cases that have held interest on punitive damages runs only from the date of the judgment. However, those cases must be considered in light of the specific issues raised in them: whether interest accrued at the time the action was filed as provided by Iowa Code section 535.3. We held it did not, presumably because the plaintiff's entitlement to punitive damages was too uncertain at the time of filing. *See, e.g., Nassen,* 494 N.W.2d at 239; *Hagan,* 484 N.W.2d at 179; *Baculis,* 430 N.W.2d at 402. Because these cases involved the question whether interest runs from the date of *filing,* as provided by section 535.3, and not whether interest commences with the punitive-damage *verdict,* they must be distinguished.

Allowing interest in this case from the date of the verdict is consistent with Iowa Code section 625.21 and our earlier cases, yet it recognizes the opposing policy considerations underlying this issue. When the jury returned its verdict awarding Wilson punitive damages, he acquired a "claim of right" that entitled him to interest. *See In re IBP Confidential Bus. Documents Litig.,* 755 F.2d at 1320. He acquired this claim of right because at that point the "discretion of the trier of fact" had been exercised in favor of punitive damages. *See Seaward Constr.,* 817 P.2d at 975; *see also Kaiser Alum. & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 836, 110 S.Ct. 1570, 1576, 108 L.Ed.2d 842, 852 (1990) (applying federal interest statute, holding interest should accrue when damages have been " 'ascertained' in any meaningful way"). The district court properly added interest from the date of the verdict.

**AFFIRMED.**