# IN THE COURT OF APPEALS OF IOWA

No. 3-1100 / 13-0157
Filed April 30, 2014

PATRICIA M. JOHNSON,
    Plaintiff-Appellee,

vs.

WAYNE VENTLING, D.O., a/k/a WAYNE L.
VENTLING a/k/a WAYNE L. VENTLING II,
MADONNA VENTLING, THELMA VENTLING,
EPHRAIM HALGRIM FARMS, L.L.C., and
HALGRIM FARMS, L.L.C.,
    Defendants-Appellants.
_____

Appeal from the Iowa District Court for Hamilton County, Carl D. Baker, Judge.


Appeal from the district court's award of punitive damages, attorney fees, and court costs. **AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**


Steven P. Wandro, Michael R. Keller, and Kara M. Simons of Wandro & Associates, Des Moines, for appellants.

James Kramer of Johnson, Kramer, Good, Mulholland, Cochrane & Driscoll, P.L.C., Fort Dodge, and Bernard L. Shub Jr., San Antonio, Texas, for appellee.


Heard by Tabor, P.J., and Mullins and McDonald, JJ. Vogel, J., takes no part.

**MCDONALD, J.**

In this fraudulent conveyance action, Wayne Ventling appeals from the December 31, 2012 district court ruling that awarded Patricia Johnson punitive damages and attorney fees and assessed court costs to Ventling. The awards were based on a December 1, 2011 judgment concluding certain real estate transfers Ventling made were fraudulent, setting them aside, and enjoining Ventling, his family, and his L.L.C.'s from further transfers. We affirm in part and reverse and remand in part.

I.

Johnson and Ventling cohabited in Texas from 1982 to 1995. In 1995, although the parties were not married, Ventling filed for divorce. The parties agreed on the terms of a final decree, including a provision that Ventling pay Johnson alimony and a property settlement. Ventling then moved to Iowa. Two years after the decree was entered, Ventling stopped making the monthly alimony payments. Johnson moved for enforcement of the decree in Texas and eventually pursued collection efforts in Iowa.

In 2008, Johnson filed the instant action seeking to collect her Texas judgment and to set aside as fraudulent certain property transfers between Ventling, his sister, his mother, and two L.L.C.'s Ventling created. Discovery in this case was protracted, voluminous, and contentious.

In December 2011, following a bench trial, the district court issued its findings of fact, conclusions of law, and judgment, concluding the challenged property transfers were fraudulent, setting them aside as void, and enjoining the Ventling family and the two L.L.C.'s from any further transfers until Ventling paid

his debt to Johnson. The judgment also provided the "issue of (a) damages and (b) appointment of a receiver to take charge of the assets will be addressed at a subsequent hearing and upon written application by [Johnson] therefor."

While the litigation in Iowa was proceeding, the parties were litigating the enforceability of the Texas divorce decree. In March 2012, after a court in Texas concluded the Texas decree was enforceable, Ventling paid the Texas judgment and then filed motions for new trial and to amend or enlarge the December 2011 Iowa judgment. In the motion for new trial, Ventling contended his recent payment of the Texas judgment was newly-discovered evidence entitling him to a new trial. In the motion to amend, Ventling argued the Iowa judgment was unnecessary because the debt to Johnson had been satisfied. The court found the motion to amend was untimely and the motion for new trial based on newly-discovered evidence failed because Ventling's payment of the debt was not newly-discovered evidence.

In the fall of 2012, the parties held a trial on damages pursuant to the district court's ruling issued in December 2011. In December 2012, the court entered judgment against Ventling for punitive damages in the amount of $75,000, attorney fees of $114,000, and court costs. This appeal followed.

II.

Although an action to set aside a conveyance as fraudulent is an equitable action and our review is de novo, *Hartford-Carlisle Sav. Bank v. Shivers*, 552 N.W.2d 909, 910 (Iowa Ct. App. 1996), this Iowa action was filed and tried as a law action; therefore, our review is for correction of errors at law. Iowa R. App. P.

6.907. A party alleging fraud must establish its existence by clear and convincing evidence. *See Benson v. Richardson*, 537 N.W.2d 748, 756 (Iowa 1995).

Punitive damages awards are reviewed for correction of errors at law. *See Wolf v. Wolf*, 690 N.W.2d 887, 893 (Iowa 2005). Punitive damages are only appropriate when a tort is committed with "either actual or legal malice." *Jones v. Lake Park Care Ctr., Inc.*, 569 N.W.2d 369, 378 (Iowa 1997). A plaintiff must prove by a preponderance of clear, convincing, and satisfactory evidence the defendant's conduct constituted a willful and wanton disregard for the rights of another. *See* Iowa Code § 668A.1(1)(a) (2011); *Hockenberg Equip. Co. v. Hockenberg's Equip. & Supply Co.*, 510 N.W.2d 153, 156 (Iowa 1993). Because an award of punitive damages is always discretionary, our review is for an abuse of discretion. *See Wilson v. IBP, Inc.*, 589 N.W.2d 729, 732 (Iowa 1999).

An award of common-law attorney fees is reviewed de novo. *See Wolf*, 690 N.W.2d at 896; *Hockenberg Equip. Co.*, 510 N.W.2d at 158. A plaintiff seeking common-law attorney fees must prove that the culpability of the defendant's conduct exceeds the punitive-damage standard, which requires "willful and wanton disregard for the rights of another." *Hockenberg Equip. Co.*, 510 N.W.2d at 159.

III.

A.

Ventling claims the court "erred in voiding the transfers as fraudulent and in enjoining future transfer." As relevant here, Iowa Code section 684.4 provides:

> 1. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the

> debtor made the transfer or incurred the obligation under any of the following circumstances:
>
> a. With actual intent to hinder, delay, or defraud any creditor of the debtor.

The statute also lists factors or "badges of fraud" that may be considered in determining actual intent in paragraph "a." Iowa Code § 684.4(2)(a)-(k); *see Ralfs v. Mowry*, 586 N.W.2d 369, 373 (Iowa 1998) ("A court considering a claim of fraudulent conveyance looks for 'badges or indicia of fraud' . . . ."). The district court found four badges of fraud in this case: (1) the numerous transactions were among family members (insiders), (2) Ventling retained control of the properties after the transfers, (3) Ventling had been sued and was threatened with suit, and (4) Ventling removed or concealed assets by transferring them into the L.L.C.'s. *See* Iowa Code § 684.4(2)(a), (b), (c), (g).

The badges of fraud cited by the court, along with the surrounding circumstances of the "convoluted scheme" of transfers, the fact Ventling paid the Texas judgment without recourse to the transferred property as soon as the Iowa property transfers were voided, the timing of the creation of the L.L.C.'s and the transfers into them as it relates to the Texas judgments against Ventling, and the lengths Ventling went to avoid paying Johnson what he owed her, all support the court's finding the transfers were done with the "actual intent to hinder, delay, or defraud" Johnson, his judgment creditor. *See* Iowa Code § 684.4(1)(a); *see also Generic Farms v. Stensland*, 518 N.W.2d 800, 803 (Iowa Ct. App. 1994). Also implicit in the district court's findings and conclusions is a determination Ventling as well as his mother and sister were not credible. We affirm the district court's carefully-considered determination the transfers were fraudulent.

B.

Ventling contends the district court erred in awarding punitive damages in the amount of $75,000. In considering Johnson's claim for punitive damages, the district court quoted at length from its 2011 ruling concerning the fraudulent nature of the transfers, Ventling's purpose behind them, and his "willful and wanton misconduct" in failing to comply with discovery rules and his "obstruction of" the discovery process. The 2011 judgment recites in detail Ventling's persistent course of conduct and the underlying intent directed at Johnson. Giving deference to the district court's credibility assessments, there is sufficient evidence to support the court's conclusion. The court also concluded, "As a result of the fraudulent real estate and personal property machinations undertaken by Ventling, Johnson has incurred actual damages, including the cost of prosecuting this action." There is sufficient evidence of actual damage to Johnson to support an award of punitive damages. *See Hockenberg Equip. Co.*, 510 N.W.2d at 156; *Pringle Tax Serv., Inc. v. Knoblauch*, 282 N.W.2d 151, 154 (Iowa 1979). We affirm the district court's award of punitive damages.

C.

Ventling contends the award of common-law attorney fees is not warranted because Johnson failed to meet her burden of proof. The court's detailed discussion of the badges of fraud and the court's evaluation of Ventling's conduct in these proceedings provides sufficient evidence to support the district court's decision to award attorney fees. *See Hockenberg Equip. Co.*, 510 N.W.2d at 159. However, there is insufficient evidence to support the amount of attorney fees awarded. Neither the Texas nor Iowa attorney appears to have a

fee agreement with Johnson. The hourly rate was changed during the proceedings without any consultation with Johnson. The Texas attorney provided only very general, summary information about his fees and "didn't bring" much of the documentation he claimed to have in his office. Neither attorney submitted a detailed, itemized accounting of the work done or fees charged. We therefore reverse the district court's award of common-law attorney fees.

IV.

The district court correctly determined the challenged transfers were fraudulent and set them aside. The evidence supports the court's award of punitive damages. There is insufficient evidence to support the amount of common-law attorney fees awarded. We affirm the district court on Ventling's fraudulent transfer and punitive damages claims. The court has considered all claims raised by the parties, whether or not expressly addressed in this opinion. Any claims not specifically addressed are either disposed of by our resolution of the issues addressed, not preserved, or without merit. We reverse the district court's award of attorney fees and remand for entry of judgment consistent with this opinion.

**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**